[Civ. No. 1763. First Appellate District.—March 8, 1916.]

## JAMES E. MITCHELL INNES, Respondent, v. MANDEL H. GOLDWATER, Appellant.

PAWNBROKERS—RECOVERY OF PLEDGED PROPERTY—EXCESSIVE INTEREST—ENTRY IN REGISTER—ABSENCE OF ESTOPPEL.—In an action to recover certain personal property pledged to a pawnbroker as security for several loans, the plaintiff is not estopped from introducing oral proof that he was charged a rate of interest in excess of two per cent per month, and that he actually made payments at such excessive rate for several months, by reason of the fact that at the time of making such loans he signed an entry in the defendant's register reciting that the rate of interest was to be two per cent per month, and therein acknowledged that he had received a copy of such register and redelivered it to the defendant.

ID.—LEGALITY OF CONTRACT—TENDER OF AMOUNT OF PRINCIPAL OF LOANS—CONDITION PRECEDENT TO RECOVERY.—In such an action the plaintiff is not entitled to recover without first tendering and offering to repay to the defendant the amount of his original loans, notwithstanding the violation by the defendant of the provisions of section 340 of the Penal Code, as the contracts for such loans are not wholly void, but legal so far as the principal sums of such loans, and the security therefor, are concerned, and only illegal as to the interest.

ID.—REGISTER OF PAWNBROKER—FAILURE TO DELIVER COPY TO PLEDGOR—VALIDITY OF CONTRACT.—The failure of the pawnbroker to deliver to the pledgor a copy of his register entries as required by section 339 of the Penal Code does not render the contracts for the loans invalid, as the only penalty imposed by the section is a fine.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley, for Appellant.

Donald Horne, and D. C. Dutton, for Respondent.

RICHARDS, J.—This is in form an action brought to recover certain personal property pledged to the defendant as security for several loans made to plaintiff by the defendant, doing business under the name of California Loan Office. The answer of the defendant consisted in denials of the plaintiff's ownership and right to the possession of the said property.

Upon the trial the following practically undisputed facts appeared in evidence: The defendant was a pawnbroker regularly licensed and qualified under the statute, engaged in that business. The plaintiff came to him from time to time to borrow money, pledging different articles of the property in question as security for these several loans, until they aggregated the sum of $396.50. The plaintiff made several payments on account of these loans in small sums, which aggregated in all $34.50. He finally failed or refused to make further payments, and the defendant undertook to sell out said property for the balance remaining due upon the debt, whereupon this action was brought. It further appeared in evidence that on the occasion of these several loans defendant made an entry in his register, which he required the plaintiff to sign, and which was in the following form:

"No. 36,193.                    Date Feb. 28, 1914.

"Copy of Register from California Loan Office, Oakland, Cal.

"Description of property pledged and estimated value of property sold. Jewelry. Amt. loaned $250.00, interest at the rate of 2 per cent per month. This is to certify that I have received this copy of register and returned same to California Loan Office, to be its custodian till called for by me within the date of its duration, which is seven months from date.

                    "Name J. E. M. INNES,
                    "Residence, 474 Jean st., Oakland."

It does not appear that the defendant ever actually delivered to the plaintiff a copy of this register entry as the law (Pen. Code, sec. 339) requires, but that he did deliver to the plaintiff a pawn ticket in which the rate of interest to be charged was not specified.

The plaintiff at the trial undertook to show by his oral testimony that at the time of these several loans the interest actually agreed upon and charged was more than two per cent per month, that the agreement was that he was to pay four per cent per month, and that he actually made payments at said rate of interest for several months. To this evidence the defendant objected upon the ground that the above register entry, which the plaintiff signed, constituted an agreement in writing as to the rate of interest to be charged, which the plaintiff could not be permitted to vary by parol.

We cannot agree with this contention. The matters contained in the foregoing register entry which the defendant was required to make under the above section of the Penal Code, while a memorandum of the loan made by the defendant, could not be binding upon the plaintiff in the first instance, even though a copy of the register had actually been delivered to him as the statute requires. The added portion of such entry beyond the requirement of the code was an attempted evasion of its terms, and amounted only to an acknowledgment on the part of the plaintiff that he had received from and re-delivered to the defendant a copy of the register entry. In signing this admission of what was not the fact, the plaintiff could in no just sense be held to have estopped himself by his signature from proving that the rate of interest was other than that specified in the register entry. The court, therefore, properly overruled the defendant's objection to the plaintiff's oral proof that he was charged a rate of interest upon these several loans in excess of two per cent.

Having made this proof the plaintiff contended, and the court found, that the several contracts between the plaintiff and the defendant for these loans, and for the pledge of the property in question as security therefor, were wholly void because in contravention of section 340 of the Penal Code, which reads as follows: "Every pawnbroker who charges or receives interest at the rate of more than two per cent per month, or who by charging commissions, discount, storage, or other charge, or by compounding increases, or attempts to

increase, such interest, is guilty of a misdemeanor.'' The court therefore held that said contracts being wholly void, the plaintiff was entitled to recover the pledged property without paying or offering to pay his loans, and rendered its judgment accordingly in plaintiff's favor.

The question which is thus presented is as to whether the violation by the defendant as a pawnbroker of the terms of section 340 of the Penal Code renders the transactions, whereby the defendant charged and received a rate of interest in excess of two per cent per month in violation of the said section, so wholly void as to entitle the pledgor to recover his property without paying or offering to pay the amount of his several loans.

In the early case of *Jackson* v. *Shawl*, 29 Cal. 267, the supreme court, in construing the statute of 1861, which regulated the rate of interest to be charged by pawnbrokers, and made it a misdemeanor to make interest agreements and charges in excess of such rate, held that the contract between the parties for the loan and pledge being legal as to the principal sum loaned, and only illegal as to the rate of interest to be charged, the entire contract was not void, but that the illegal portion thereof was so separable that the borrower could only recover the pledged property by tendering the pawnbroker the amount of the original loan with such interest thereon as was lawfully permitted to be charged. With this construction of said statute its terms were practically embodied in section 340 of the Penal Code, the only substantial difference between the statute and the code being that the chargeable rate of interest was reduced in the code section from four to two per cent. The respondent herein contends, however, that the rule laid down in *Jackson* v. *Shawl, supra,* has been changed and that case practically overruled by the supreme court in *Levinson* v. *Boas,* 150 Cal. 185, [11 Ann. Cas. 661, 12 L. R. A. (N. S.) 575, 88 Pac. 825], wherein the court held that the contract between the pledgor and a pawnbroker, when such pawnbroker was acting in violation of law in doing business as such, and in making such contract without having taken out a license as required by section 338 of the Penal Code, was wholly void; and that the receiver in bankruptcy of the borrower was entitled to recover the property pledged for such loan without tendering or offering to pay the amount of the loan. It is to be noted, however, that the court in

the last above-cited case, far from overruling the case of *Jackson* v. *Shawl,* made this comment upon it: "It is to be noticed that the illegality of the contract in *Jackson* v. *Shawl* went only to the excess of interest charged, and this court applied the general and liberal principle fully recognized by law that when any matter, void even by statute, be joined with good matter which is entirely independent of it, the good part shall stand and the rest be held void. But in the case at bar the illegality and the prohibition go to the whole substance of the contract. It is a prohibition by law from entering into such a contract at all, and the illegality affects the whole transaction from the inception." (*Levinson* v. *Boas,* 150 Cal. 185, [11 Ann. Cas. 661, 12 L. R. A. (N. S.) 575, 88 Pac. 825].)

In the light of this express approval of the principle declared in the case of *Jackson* v. *Shawl,* we are constrained to give application to that principle in the case at bar to the extent of holding that the agreements of the plaintiff with the defendant for these several loans and pledges were legal in so far as the principal sum of such loans and the security therefor were concerned, and only illegal as to the interest to be charged, and hence that the plaintiff was not entitled to recover the personal property so pledged and made the subject of this action without first tendering and offering to repay to the defendant the amount of his original loans.

Whether the plaintiff was also required to make an additional tender of any sum as interest up to or less than the sum of two per cent, the statutory limit of a pawnbroker's legal exaction, we are not required in this case to determine, for the reason that it differs from the case of *Jackson* v. *Shawl,* 29 Cal. 267, in respect that thus far in the instant case no tender of either principal or interest in any sum is shown to have been made.

It is necessary to notice but one other contention of the respondent. It is that the agreements for the several loans between the plaintiff and the defendant were invalid, for the reason that the defendant did not actually deliver to the plaintiff a copy of his register entries as required by section 339 of the Penal Code. There is some language in *Levinson* v. *Boas,* 150 Cal. 185, [11 Ann. Cas. 661, 12 L. R. A. (N. S.) 575, 88 Pac. 825], which might seem to support this contention; but the question has been put at rest by the more recent case of *Wood* v. *Krepps,* 168 Cal. 382, [L. R. A. 1915B, 851, 143

Pac. 691], wherein the court, in passing upon the precise point in issue, says: "The theory of the defendants in alleging that the plaintiff had failed to give them the memorandum or notice of the contents of the note and mortgage and other matters provided for by section 5 of the said act of 1909 at the time the note and mortgage were executed, is that such failure precluded any recovery by plaintiff. But this theory is erroneous. While the section relied on provides that when a loan such as here is made a memorandum or notice of the contents of the note and mortgage and other matters shall be given the mortgagees, it is not made by the statute essential to the validity of the transaction that this shall be done. It is a statutory duty imposed upon the personal property broker to be performed by him when the loan is made, but after the instrument taken as security is executed. It is a matter which does not at all enter into the contract between the parties, but is collateral to it. The statute itself provides that as a penalty for failure to give the memorandum or notice the broker shall be subjected to a fine not exceeding the specified amount. This is the only penalty which the statute imposes. No further penalty is declared, and the contract itself is not in any manner affected by the failure to comply with this provision of the section."

It follows from the foregoing views that the judgment must be reversed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 7, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 4, 1916.