339 P.2d 387

Bernice A. FERGUSON, Appellant,

v.

Alex RUBIN, doing business as Jewel Box Loan Company, Appellee.

No. 6795.

Supreme Court of Arizona.

May 20, 1959.

Moore & Moore, Phoenix, for appellant.

No appearance for appellee.

JOHNSON, Justice.

Plaintiff instituted an action in replevin against defendant, a licensed pawnbroker doing business as the Jewel Box Loan Company, to recover a diamond ring of the admitted value of $500. The pawnbroker denied that plaintiff had pawned or pledged the diamond ring to him for a thirty-day $200 loan, and maintained that the ring was purchased from the plaintiff for the sum of $200, with a further agreement that the pawnbroker would retain the ring and not resell it for a period of thirty days, during which time plaintiff could repurchase the ring for $250. The pawnbroker admitted that within the thirty days plaintiff tendered the sum of $204 and that he had refused to accept the sum or return the ring; he further admitted that three days later plaintiff tendered $250, with a provision that $46 of that sum was tendered under protest, and that he had refused to accept the sum or return the ring unless and until plaintiff would sign a release of all liability by reason of said transaction, which plaintiff refused to do.

The trial court entered judgment in favor of the defendant pawnbroker and this appeal followed, with the plaintiff contending that the admitted facts in the pleadings and the evidence introduced sustained the proposition that the transaction was in fact a pledge under the laws of Arizona.

The pawnbroker has not made an appearance in this court. While we have many times decided that where a debatable question is raised by the appeal and no answering brief is filed by the appellee, the court may assume such failure to file an answering brief is a confession on the part of appellee of reversible error; Stover v. Kesmar, 84 Ariz. 387, 329 P.2d 1107; however, the problems raised being of first impression in this jurisdiction we believe the basic questions should be answered.

Transactions constituting the business of a pawnbroker are set forth in A.R.S. Subsection A of Section 44–1621:

"A person who keeps a place of business where *money is* loaned or *advanced upon* a pledge or deposit of personal property or *pretended sale of goods, wares or merchandise, conditioned that the seller may rebuy the goods, wares or merchandise at an advanced price within a limited time,* is a 'pawnbroker'." (Emphasis supplied.)

■ A sale with an agreement to rebuy has often been held to be a loan, depending on the intent of the parties, and thus subject to statutory restrictions such as those on the interest which may be charged. DeWulf v. Bissell, 83 Ariz. 68, 316 P.2d 492. However the legislature may, by statute, deem such an agreement to be one for the lending of money, a "pretended sale", as a matter of law, whatever the intent of the parties. This has been done in the statute quoted above.

It is not necessary to go into the philosophy behind statutes regulating the lending of money and the necessity of protecting the general public. A.R.S. Subsection A of Section 44–1621 was intended to prevent one from circumventing the restrictions upon a certain form of money lending by giving the transaction a different name. One who pawns an article does so knowing that he may redeem or "rebuy" it within a certain time at an advanced price, namely the sum advanced him together with the legal interest thereon.

■ We hold that one who advances money in a transaction whereby he buys goods, wares or merchandise with an agreement that the seller may rebuy the same at an advanced price within a limited time is engaging in a transaction which is as a matter of law, by statute, a loan of money secured by a pledge, as pawning is also defined.

■ The defendant, as a licensed pawnbroker, was entitled to 2% per month interest on the amount advanced on the pledged ring; this is the maximum charge allowed by A.R.S. Section 44–1624. Any charge over that maximum is void, and where the pawnor has agreed to pay in excess of the legal rate, he is entitled to the possession of the pawn on a tender of the principal and lawful interest. Jackson v. Shawl, 29 Cal. 267; Innes v. Goldwater, 30 Cal.App. 101, 157 P. 18.

■ Plaintiff's tender of $204 within thirty days was in the correct amount of the $200 · principal plus $4, the 2% per month lawful interest. This tender of the correct amount stopped the accumulation of interest, and it also operated to extinguish defendant's lien on the ring. One may not refuse a tender of the debt and yet retain the pledge which secured it. Bardon Loan Co. v. Boggs, 159 Okl. 196, 14 P.2d 947; Mitchell v. Roberts, C.C., 5 McGarry 425, 17 F. 776. The defendant no longer had a right to possession and plaintiff was entitled to replevy her ring. Her later tender was not necessary.

Judgment is reversed and remanded with instruction for the trial court to enter judgment for plaintiff for the recovery of the ring or its value of $500.

PHELPS, C. J., and STRUCKMEYER, UDALL and BERNSTEIN, JJ., concur.