W. R. CURTIS v. THE HENRIETTA NATIONAL BANK.

No. 2632.

1. **Garnishment, form of the Writ—Statutes Construed.**—Construing articles 186 and 188, Revised Statutes, it was intended by article 186 to prescribe the essential elements of the writ of garnishment. Any additional recitations, averments, or commands appearing in the form contained in article 188 were intended to be merely directory.

2. **Same.**—It was error to sustain exceptions to a writ of garnishment upon the ground that it did not recite the amount of the indebtedness as claimed against the original defendant.

APPEAL from Clay. Tried below before Hon. P. M. Stine.

The opinion states the case.

*Hazelwood & Templeton*, for appellant.—The writ of garnishment in this cause issued contained all of the essential requisites prescribed by the statute in such cases made and provided, and the appellee's motion to quash the same should have been overruled. Rev. Stats., arts. 186, 189, 191, 205; Sayles' *Prac.*, sec. 386, form 24, p. 792; Sayles' old Form Book, p. 200; Brasw. Texas Forms, p. 36.

On construction of statute. Rev. Stats., sec. 3, Final Title; Lewis & Baker v. Stewart, 62 Texas, 352; Belcher v. Weaver, 46 Texas, 293.

*A. K. Swan*, for appellee.—The writ of garnishment being a jurisdictional writ, serving the double purpose of a citation to the garnishee giving the court jurisdiction over his person, and of giving the court juridiction over the property or effects in the hands of the garnishee, it must in order to accomplish those purposes be sufficient on its face to show jurisdiction in the court over the subject matter of the main suit and advise the garnishee of the amount he is called on to answer. Ins. Co. v. Friedman, 74 Texas, 56.

GAINES, ASSOCIATE JUSTICE.—This was a proceeding in garnishment ancillary to the suit of the present appellant to recover of one R. P. Wells an alleged indebtedness.    The appellee, who was the garnishee, made a motion to quash the writ of garnishment upon the ground that it did not show upon its face the amount claimed by the plaintiff to be due from the defendant Wells, and upon the further ground that the affidavit and bond were not in compliance with the statute.    The court sustained the motion and dismissed the writ, and that ruling is assigned as error.

The affidavit and bond are regular.    The affidavit states that the affiant has good reason to believe and does believe that both C. W. Ford and the appellee are indebted to Wells, the defendant, and prays that a writ of garnishment should issue against the appellee.    The fact that it was alleged that Ford was indebted to the defendant Wells as well as the Henrietta National Bank does not vitiate the affidavit so far as appellee is concerned.    The affiant might properly have prayed in the same affidavit a writ against both of the alleged debtors.    The bond is in strict conformity to the law.

The other ground of objection to the writ is of a more serious nature, and it was doubtless that upon which the motion to quash was sustained by the court.    We are of opinion, however, that the failure of the writ to show the amount of indebtedness which the plaintiff sought to recover of the defendant in the original suit ought not to be held fatal to the proceedings.

It was within the power of the Legislature to prescribe the essential requisites of the writ of garnishment, but we think the statement in the writ of the amount of the debt sought to be secured was not intended to be made essential to the validity of the process.    Article 186 of the Revised Statutes provides that after an affidavit is made and a bond has been given as required in the previous articles the case shall be docketed, and the judge, clerk, or justice of the peace, as the case may be, "shall immediately issue a writ of garnishment, directed to the sheriff or any constable of any county where the garnishee is alleged to reside or be, commanding him forthwith to summon the garnishee to appear before the court out of which the same is issued, on the first day of the ensuing term thereof, to answer upon oath what, if anything, he is indebted to the defendant or was when the writ was served, and what effects, if any, of the defendant he has in possession or had when said writ was served, and what other persons, if any, within his knowledge are indebted to the defendant or have effects belonging to him in their possession."    A subsequent article prescribes a form for the writ of garnishment, in which the amount of the indebtedness claimed by the plaintiff of the defendant in the principal suit is to be named, but the form is not made mandatory. The language of the article is: "The following form of writ may be used."    Rev. Stats., art. 188.    Our construction is that it was intended

by article 186 to prescribe the essential elements of the writ, and that any additional recitations, averments, or commands that appear in the form were intended to be directory merely.

There is a good reason why the amount claimed by the plaintiff of the defendant should appear in the face of the process. If the garnishee is informed as to the amount and he owes the defendant a sufficient sum to pay it, he need not answer. He may suffer a judgment by default with the same result as if he should answer, and thereby save the trouble and expense of making an appearance. But this would seem to be a matter of no controlling importance, and it is reasonable to presume that while the Legislature considered a statement in the writ of the indebtedness sought to be recovered useful in the subsequent proceedings in the case, they did not deem it of such moment as to make it an essential requisite of the validity of the process.

We are of opinion that the writ is good, and that the court erred in sustaining the motion to quash it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 24, 1890.