R. E. TRABUE v. JOHN C. WHITNEY ET AL.

Decided April 9, 1906.

**1.—Garnishment—Application and Affidavit.**

While the practice is not to be commended, there is nothing in the statute which forbids combining in one instrument the petition in the main suit and the application and affidavit for garnishment. The provision of the statute requiring the garnishment proceedings to be docketed as a separate suit is merely directory.

**2.—Same—Amount Due—Certainty.**

The allegations of a petition, which constituted a part of an affidavit for garnishment, considered, and held to show with sufficient certainty the amount of the debt claimed.

Appeal from the County Court of Panola County. Tried below before Hon. J. G. Woolworth.

*W. R. Anderson,* for appellant.—The court erred in quashing the affidavit for writ of garnishment against J. C. Whitney, because said affidavit shows upon its face to be a strict compliance with the law, authorizing the issuance of garnishment at the time of filing suit. Sayles' Civil Stats., arts. 217 and 219.

The original petition, the application and affidavit for garnishment, appearing to have been made on same piece of paper, and filed in the court as one paper and the application and affidavit stating that the debt sued for herein was just, etc., and the debt sued for therein being accurately stated, it was error on the part of the court to quash the garnishment proceedings. Sayles' Civil Statutes, art. 217, sec. 2; Id., arts. 219, 220, 222; Corrigan v. Nichols, 6 Texas Civ. App., 26; Sullivan v. King, 80 S. W. Rep., 1048; Fleming v. Pringle, 21 Texas Civ. App., 228.

*A. G. Brooke* and *H. N. Nelson,* for appellees.—The application for writ of garnishment must show (1) that an original attachment has been issued, or (2), that the plaintiff sues for a debt and makes oath that the debt is just, due and unpaid, giving the amount of the debt sued for. Marshall v. Alley, 25 Texas, 342; Scurlock v. Gulf, C. & S. F. Ry., 77 Texas, 481; Sullivan v. King, 10 Texas Ct. Rep., 442; 1 W. & W. Civ. Cases. sec. 1213.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought suit against J. A. Phillips to recover the sum of $657.41 alleged to be the amount due upon a promissory note executed by said Phillips and payable to appellant.

Upon the same piece of paper with the petition in that suit and immediately following the signature of plaintiff's attorney thereto, is the following application and affidavit for a writ of garnishment against appellee John C. Whitney:

"And R. E. Trabue, plaintiff herein, here now makes this his application for writ of garnishment against J. C. Whitney, who resides at Carthage, Panola County, Texas, and applicant says upon his oath that the debt sued for herein is just, due and unpaid, and that the defendant J. A. Phillips has not, within the knowledge of affiant, property in his possession within this State subject to execution sufficient to satisfy such debt herein sued for, and that the garnishment here applied for is not sued out to injure either the defendant or the garnishee (J. C. Whitney) and that plaintiff has reasons to believe and does believe that J. C. Whitney, garnishee, who resides at Carthage, Panola County, Texas, is indebted to the defendant, J. A. Phillips, or that he (J. C. Whitney)

has in his hands effects belonging to the said J. A. Phillips; wherefore plaintiff prays for writ of garnishment against said J. C. Whitney.

R. E. Trabue.

"Sworn to before me on this the 16th day of April, 1904.

W. R. Anderson, Notary Public, Panola County, Texas."

Upon this petition and application citation to Phillips and writ of garnishment against Whitney were issued and served. At the next term of the court judgment was rendered in favor of plaintiff against Phillips for the sum claimed in the petition, and appellant Whitney having filed an answer to the writ of garnishment in which he admitted that at the time the writ was served on him he had in his possession the sum of $1,144.32 belonging to the defendant Phillips but alleged that after the service of the writ the defendant had replevied said amount by executing his bond therefor as provided by the statute, the garnishment proceedings were continued for the purpose of perfecting service upon the sureties on said bond.

An appeal was taken by Phillips from the judgment against him, and the garnishment proceedings were continued pending this appeal. At the next term of court after the affirmance of the judgment against Phillips the defendants in garnishment filed the following motion:

"Now at this term of the court, came the defendants in the above cause and move the court to quash the application for the writ of garnishment filed herein and also said writ of garnishment for the following reasons, to wit:

"1st. Because the application herein for the writ of garnishment is insufficient in law as a basis for the issuance of said writ of garnishment.

"2d. Because said application for the writ of garnishment does not allege that there was an affidavit filed by plaintiff that the debt sued for is just, due and unpaid.

"3d. Because said application for said writ does not state the amount of the debt claimed by plaintiff.

"4th. Because the plaintiff in his application for said writ does not state any facts authorizing the issuance of such writ.

"5th. Because the plaintiff in said application does not make oath that the plaintiff's debt is just, due and unpaid, but that the debt sued for is just, due and unpaid.

"6th. Because the plaintiff in his original petition does not with certainty state the amount of the debt claimed, and because his allegations in that behalf are vague and uncertain and contradictory."

This motion was sustained by the trial court and judgment rendered quashing the garnishment, and in favor of defendants for all costs. From this judgment plaintiff below prosecutes this appeal.

We think none of the objections urged by the defendants to the garnishment proceedings are valid.

The petition should be considered as a part of the application and affidavit, and the affidavit, when the petition is included therein, contains all of the statutory requisites of an affidavit for writ of garnishment. (Rev. Stats., art. 217, subdivision 2, and art. 219.)

While the practice is not to be commended, there is nothing in the

statute which forbids combining in one instrument the petition and the application and affidavit for garnishment.

The provision of the statute requiring the garnishment proceedings to be docketed as a separate suit from the original has been held to be merely directory, and a failure to comply therewith will not vitiate the proceedings. (Sun. Mut. Ins. Co. v. Seeligson, 59 Texas, 3; Cohn v. Tillman, 66 Texas, 98.) If the proceedings can be thus tried as a part of the original suit we see no reason for holding that a petition which contains all of the statutory requisites of an application and affidavit for garnishment, and is sworn to by the plaintiff, should not be considered a sufficient affidavit. The fact that the petition contains allegations not necessary for an application in garnishment will not invalidate it as such application, the unnecessary allegations being regarded as surplusage.

The petition in this case, which we hold to be a part of the application, contains the following allegations showing the amount claimed in the suit:

"And for cause of action plaintiff represents, that heretofore, to wit, on the 22d day of September, A. D. 1900, the defendant executed and delivered to plaintiff his promissory note in writing. Wherein, and whereby, he promised to pay plaintiff sixty days after date of said note, the sum of six hundred and eighty and 98-100 dollars ($680.98) together with 10 percent interest per annum from the date of said note, to wit, from September 22, 1900, together with 10 percent as attorney's fees, if placed in the hands of an attorney for collection, or if suit is filed on said note. Plaintiff further charges and avers, that by reason of the execution and delivery to plaintiff by defendant, the said note aforementioned, defendant became liable and promised to pay plaintiff the sum of money mentioned in said note together with 10 percent interest per annum from the date thereof, to wit, September 22, 1900; and that by reason of the nonpayment of said note, at its maturity and the filing of this suit thereon, defendant became liable to pay plaintiff 10 percent on the amount due on said note; that heretofore, to wit, on the 29th day of January, 1901, the defendant paid to plaintiff as part payment of said note the sum of two hundred and thirty-five and 10-100 ($235.10); that deducting the amount so paid to plaintiff by defendant, leaves a balance now due plaintiff in the sum of five hundred and ninety-seven and 65-100 dollars ($597.65), together with 10 percent attorney's fees on said amount now due, to wit, $59.76, making in the aggregate the sum now due plaintiff by defendant the sum of six hundred and fifty-seven and 41-100 ($657.41) which said sum of money is long since due, and though often requested, defendant has never paid said sum or any part thereof.

Premises considered, plaintiff prays that defendant be cited to answer this petition and that upon a final hearing hereof, plaintiff have and recover of defendant his damages ($657.41), which includes debt, interest and attorney's fees, together with cost of suit and general relief."

The sum claimed is, we think, definite and certain, and the fact that, according to the allegations showing the date of the note, the rate of interest and the date and amount of the credits thereon, a larger sum than $657.41 might have been claimed, does not render the amount

claimed uncertain. It is, we think, clear that upon this petition plaintiff could only have recovered the sum of $657.41, as that is the stated definite amount of the debt for which judgment is sought.

Because in our opinion the trial court erred in sustaining the motion to quash, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*