CAWTHON v. FIRST STATE BANK OF SALADO et al. (No. 5745.)

(Court of Civil Appeals of Texas. Austin. Feb. 28, 1917. Rehearing Denied April 4, 1917.)

1. GARNISHMENT ⟨Key⟩193—QUASHING WRIT—GROUNDS.
Falsity of acts alleged in affidavit for garnishment is not ground for motion to quash.
[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 381, 382.]

2. GARNISHMENT ⟨Key⟩88—AFFIDAVIT—REQUISITES AND SUFFICIENCY.
When all statutory requirements of affidavit for garnishment are met, it is immaterial that other allegations were made, and therefore a false allegation as to time when suit was brought is immaterial, since the statute does not require the affidavit to state when the suit was brought.
[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160–166.]

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. GARNISHMENT ⬤∽193—QUASHING WRIT—GROUNDS.**

If affidavit for garnishment was not made long enough before issuing the writ to create the inference that the state of facts had not continued, the mere fact that it was filed prior to the issuance of the writ is no ground for quashing the affidavit and writ of sequestration.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 381, 382.]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by Frank Cawthon against the First State Bank of Salado and others. From an order quashing the garnishment, plaintiff appeals. Reversed and remanded.

Sam D. Ware, of Belton, for appellant. F. W. Burford and M. B. Blair, both of Belton, for appellees.

JENKINS, J. Appellant brought suit in the county court of Bell county against Marvin F. Buford to recover upon an itemized account for $388.93. This suit was filed on the 18th day of February, 1916, and on the same day appellant sued out a writ of garnishment against the First State Bank of Salado. The affidavit for garnishment was made on the 16th day of February, 1916, but was filed on the 18th of said month. Buford filed a motion to quash the affidavit for garnishment for the following reasons, to wit:

"(1) The said affidavit on its face shows that a writ of garnishment could not issue, as said affidavit was made on the 16th day of February, 1916, and shows the suit of plaintiff against this defendant to have been filed on the 18th day of February, 1916, which fact is further shown by the petition filed in this cause. (2) That said affidavit states as just and due an unpaid debt against this defendant at variance with and much in excess of such debt, as is shown by plaintiff's petition and account filed in this suit against this defendant."

[1] The court sustained this motion and quashed the writ of garnishment herein. The second ground above stated is not correct. The affidavit for garnishment states the same amount, as does the petition. As to the first ground, the affidavit alleges:

"That on the 18th day of February, 1916, plaintiff, Fred Cawthon, sued Marvin F. Buford, defendant in said cause No. 4579, for a debt due upon account for the sum of $388.93," etc.

As this affidavit was made on February 16th, it could not be true that appellant had filed his suit on the 18th of February, 1916; but the falsity of the facts alleged in an affidavit for garnishment is not ground for quashing the same. In Waples-Platter Gro-

cery Co. v. Basham, 9 Tex. Civ. App. 638, 29 S. W. 1118, it was said:

"It has, however, been held by a line of decisions beginning with Cloud v. Smith, 1 Tex. 611, that the truth of an affidavit for attachment cannot be traversed for the purpose of dissolving the process; the remedy of the defendant being against the attaching creditor and the sureties on his bond, by way of an action for damages, or a plea in reconvention. Dwyer v. Testard, 65 Tex. 432; Bateman v. Ramsey, 74 Tex. 589, 12 S. W. 235."

This is equally true in garnishment or sequestration proceedings. Appellant states in his brief that:

"The affidavit in this case complies fully with the requirements of the statute. No one allegation is omitted."

This statement is not controverted by appellee, but, on the contrary, as above stated, his motion to quash the affidavit and writ of sequestration was based on the ground that the affidavit was made two days prior to the filing of the suit. It was not, however, filed until the suit was filed, and the writ did not issue until after the filing of the affidavit and bond.

[2, 3] When all of the statutory requirements of an affidavit for garnishment are met, it is immaterial that other allegations were made. The statute does not require that the affidavit should state that suit had been brought. Curtis v. Bank, 78 Tex. 260, 14 S. W. 614; Godfrey v. Newby, 39 S. W. 594. If the affidavit was not made for a sufficient length of time prior to issuing the writ for the inference to be drawn that the state of facts therein alleged had not continued to the time of the issuance of the writ, the mere fact that it was filed a short time prior to the issuance of the writ is not ground for quashing the affidavit and writ of sequestration. Duncan v. Jouett, 111 S. W. 981; Campbell v. Wilson, 6 Tex. 379; Coleman v. Zapp, 135 S. W. 732. In Duncan v. Jouett, supra, wherein a writ of sequestration had been issued, the court said:

"Nor do we think the court erred in refusing to quash the affidavit, because of the lapse of the time between the making of it and the filing of the suit. The delay was not such as to authorize the inference that the facts stated in the affidavit had ceased to exist, or as to cast suspicion on the fairness and integrity of the proceeding."

The court erred in quashing the affidavit and writ of garnishment herein, for which reason the judgment in this case is reversed, and the cause is remanded.

Reversed and remanded.