FIRST NAT. BANK OF STEPHENVILLE v. McCLELLAN (FARMERS' & MERCHANTS' STATE BANK OF RANGER, Garnishee). (No. 972.)

(Court of Civil Appeals of Texas. El Paso. May 1, 1919.)

GARNISHMENT ☞88—SUFFICIENCY OF AFFIDAVIT—STATEMENT OF AMOUNT SUED FOR.

Garnishment affidavit, under Rev. St. art. 271, subd. 2, and article 273, is not required, in

view of article 276, to state amount of indebtedness claimed.

Appeal from Erath County Court; W. E. Bower, Judge.

Garnishment proceeding ancillary to suit by the First National Bank of Stephenville against W. R. McClellan, Farmers' & Merchants' State Bank of Ranger, garnishee. Motion to quash proceedings sustained, and plaintiff appeals. Reversed and remanded.

I. W. Stephens, of Ft. Worth, and A. P. Young, of Stephenville, for appellant.

J. A. Johnson and Chandler & Pannill, all of Stephenville, for appellees.

HIGGINS, J. This is a garnishment proceeding ancillary to a suit by appellant against W. R. McClellan to recover upon a liquidated demand.

McClellan made a motion to quash the proceeding, setting up various grounds. The grounds of the motion were all properly overruled by the court, except one, which was sustained, and the proceeding quashed. The correctness of the court action in this matter is the only question presented for review. Omitting formal portions the affidavit in garnishment made by appellant's vice president and agent reads:

"That in this suit said bank sues for a debt, and states on oath that such debt is just, due, and unpaid, and that the defendant, W. R. McClellan, has not within the knowledge of affiant, and has not within the knowledge of said bank, property in his possession within this state, subject to execution, sufficient to satisfy such debt. He also states on oath that the garnishment applied for is not sued out to injure either the defendant or the garnishee.

"He further states on oath that plaintiff has reason to believe, and does believe, that the garnishee, the Farmers' & Merchants' State Bank of Ranger, Tex., a corporation duly incorporated under the laws of the state of Texas, and which has its residence at Ranger, in Eastland county, Tex., is indebted to the said defendant, W. R. McClellan, or that it has in its hands effects belonging to said defendant."

It was objected that this affidavit was defective because it did not state the amount sued for.

The requisites of the affidavit in this case are prescribed by article 271, subdivision 2, and article 273, R. S., which read:

Article 271, subdiv. 2. "Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not within his knowledge property in his possession within this state, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or the garnishee."

Article 273. "Before the issuance of the writ of garnishment, the plaintiff shall make appli-

---

cation therefor in writing, under oath, signed by him, stating the facts authorizing the issuance of the writ, and that the plaintiff has reason to believe, and does believe, that the garnishee, stating his name and residence, is indebted to the defendant, or that he has in his hands effects belonging to the defendant, or that the garnishee is an incorporated or joint-stock company, and that the defendant is the owner of shares in such company or has an interest therein."

It will be observed that the affidavit followed literally the language of the statute. It is not required that the amount sued for shall be stated. When the clerk issues the writ this information can be by him obtained from the petition. Article 276, R. S., prescribes the form of writ which may be used, and this form indicates that the writ shall show the amount of indebtedness claimed, but it has been held that the statement in the writ of the amount of the debt sought to be secured was not intended to be made essential to the validity of the process. Curtis v. Bank, 78 Tex. 260, 14 S. W. 614; Curtis v. Ford, 78 Tex. 262, 14 S. W. 614, 10 L. R. A. 529. It is true that in attachment proceedings the affidavits must show the amount of the demand but this is by virtue of the statute. Article 240, subd. 1, R. S. The affidavit in this case was not defective, and the court erred in sustaining the same. Cases cited above and Trabue v. Whitney, 42 Tex. Civ. App. 520, 94 S. W. 186.

Reversed and remanded.