## EQUIPMENT CO. OF TEXAS v. STOCK-YARDS NAT. BANK OF FORT WORTH et al. (No. 341.)

(Court of Civil Appeals of Texas. Waco. April 15, 1926.)

**1. Garnishment &#9758;87—Where default judgment was vacated by agreement, no final judgment existed, and garnishment affidavit, not stating judgment was entered and accompanied by bond, was not defective, though court's order formally vacating judgment was entered later. (Rev. St. 1925, arts. 4076, 4077, 4078).**

Where default judgment was vacated by agreement of the parties, there was no final judgment existing, so that a garnishment affidavit under Rev. St. 1925, arts. 4076, 4077, 4078, not stating that judgment had been entered and accompanied by bond, was not defective, though order formally vacating the judgment nunc pro tunc was not entered until later.

**2. Garnishment &#9758;93—Where affidavit for garnishment asked for writ against one defendant, and bond ran to three, held that fact that writ ran against three defendants and incorrectly stated amount sued for was not ground for quashing it.**

Where affidavit for garnishment asked for issuance of writ against one defendant, and the bond was payable to three defendants, held that fact that writ ran against three defendants, and incorrectly stated the amount sued for, was not ground for quashing it.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Garnishment by the Equipment Company of Texas against Ray H. McKinley and others, with the Stockyards National Bank of Fort Worth, garnishee. Judgment quashing the writ of garnishment, and plaintiff appeals. Reversed and remanded.

Bryan, Stone, Wade & Agerton and Alfred M. Scott, all of Fort Worth, for appellant.

Massingill & Belew and McLean, Scott & Sayers, all of Fort Worth, for appellees.

BARCUS, J. On January 11, 1924, appellant, by default, recovered judgment against Ray H. McKinley, J. H. Cox, and Arthur Cox, composing a partnership, for $295.89, and for the further sum of $37.54 against McKinley and J. H. Cox. By agreement of all parties, the trial court, during January, 1924, set said judgment aside. The order granting the new trial was entered nunc pro tunc in July, 1924. Thereafter, on September 16, 1924, the cause was tried on its merits, and a judgment was rendered for the same amount in favor of appellant against the same parties. On May 9, 1924, H. R. Shedd, as president and agent of appellant, made an affidavit and bond for garnishment, and caused a writ of garnishment to issue against the Stockyards National Bank, a corporation, requiring it to answer what, if anything, it was indebted to Ray H. McKinley. The affidavit was in the usual form for garnishments before judgment. It contained all the allegations required by articles 4076, 4077, and 4078 of the Revised Statutes 1925, to have a writ issued, except it did not state that an attachment had been issued, or that a judgment had been rendered in said cause. If either of these conditions had in fact existed, and the allegation had been made, no bond would have been required. When the affidavit for garnishment was made, a bond for double the amount sued for was executed, approved, and filed, which bond provides that the signers thereof are "firmly bound unto Ray H. McKinley, J. H. Cox, and Arthur Cox, defendants." The writ of garnishment commanded the Stockyards National Bank to answer what, "if anything, it is indebted to the said Ray H. McKinley and J. H. Cox and Arthur Cox, or either of them." The garnishee answered that it did not have any funds on hand belonging to said named defendants, or either of them. This was controverted by appellant and the issue joined that there were funds in said bank in the name of Mrs. Ray H. McKinley which belonged to Ray H. McKinley, and she was made a party defendant in the garnishment suit. After the judgment in the main cause was finally entered, the garnishment case was called for trial, and the McKinleys and the bank filed a joint motion to quash the writ of garnishment, alleging a number of grounds therefor. The trial court sustained said motion and quashed the garnishment proceeding, and it is from said judgment this appeal is perfected.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The trial court filed its findings of fact and conclusions of law, and states in its conclusions of law four grounds on which it quashed the garnishment proceeding: First, because it appeared that the affidavit for garnishment was made in the form as used in garnishments before judgment, and the affidavit failed to state that a judgment had already been obtained in said suit; second, because the affidavit for garnishment only asked that the writ issue to the bank to answer what it was indebted to Ray H. McKinley, while the writ required the bank to answer what it was indebted to not only McKinley but to J. H. Cox and Arthur Cox, or either of them; third, because the affidavit for garnishment did not state the correct amount for which suit had been brought; and, fourth, because the bond was made payable to Ray H. McKinley, J. H. and Arthur Cox, defendants, and was not made payable to them, and "each of them."

[1] We do not think any of the reasons stated are sufficient for having quashed the garnishment proceeding. The record shows that the final judgment in the main cause was rendered on September 16, 1924, and the judgment rendered on said date recites that the former judgment of the court rendered on January 11, 1924, had been by the court, as per agreement of all parties, in January, 1924, vacated and set aside, and that on July 12, 1924, by agreement of all parties, the trial court had entered a judgment nunc pro tunc effectuating said agreement and setting aside said judgment. The judgment entered in January, 1924, having been set aside and vacated by the court during the term of court at which it was rendered, ceased to be a final judgment, whether the formal order setting same aside was actually entered at said term of court or not. The order could be entered at any time thereafter, as was done in this case, by entering same nunc pro tunc. Ætna Insurance Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; 34 C. J. 52. When the writ of garnishment was applied for in May, 1924, there was no final judgment in the cause.

If, as a matter of fact, the judgment rendered on January 11, 1924, had not been set aside, we think the affidavit is sufficient. It gave the number and style of the suit and the court in which same had been filed, and stated that the amount claimed (giving the amount) was just, due, and unpaid. Whether the suit was pending or whether a final judgment had been rendered therein made it none the less certain that the amount claimed in said suit was just, due, and unpaid. If plaintiff did not wish to avail itself of its right to have the writ issued without making a bond, we do not think it would vitiate the writ. Cawthon v. First State Bank (Tex. Civ. App.) 193 S. W. 783; Dick-

inson v. First State Bank (Tex. Civ. App.) 185 S. W. 674; Szanto v. First State Bank (Tex. Civ. App.) 212 S. W. 971.

[2] The fact that the clerk in issuing the writ of garnishment directed the bank to answer what, if anything, it was indebted to Ray H. McKinley, J. H. Cox, and Arthur Cox, or either of them, when the affidavit only asked for the writ to ascertain the amount the bank was due Ray H. McKinley, would not be ground for McKinley or the bank to have said writ quashed. The statute requires the clerk to issue the writ when the proper affidavit and bond is filed, and it is not ground for quashing same, because the writ does not state the correct amount sued for, or because it embraced other names than the one stated in the affidavit. Curtis v. Henrietta Nat. Bank, 14 S. W. 614, 78 Tex. 260; First National Bank v. McClellan (Tex. Civ. App.) 211 S. W. 794. The affidavit for garnishment asked that a writ be issued against the bank to answer what, if any, sum "it is due Ray H. McKinley," and the bond is made payable to Ray H. McKinley, J. H. Cox, and Arthur Cox, and we think is sufficient. Green v. Banks, 24 Tex. 508; Burge v. Beaumont Carriage Co., 105 S. W. 232, 47 Tex. Civ. App. 223.

We have examined the other grounds stated in the motion to quash in addition to those given by the court, and we do not think any of them are sufficient to authorize the trial court to quash the garnishment proceeding. The judgment of the trial court is reversed and the cause remanded.