**HAWKINS et al. v. CULBERTSON CO. et al.**

No. 12571.

Court of Civil Appeals of Texas. Fort Worth. Dec. 5, 1931.

Rehearing Denied Jan. 16, 1932.

Fischer & Fischer, of Wichita Falls, for appellants.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellees.

BUCK, J.

The Culbertson Company, A. Culbertson and O. H. Culbertson, filed a suit against Lily M. Mercer and J. L. H. Hawkins, alleging that the residences of Lily M. Mercer and J. L. H. Hawkins were unknown to plaintiffs, but they were doing business under the name of Papershell Pecan Company. That on or about November 20, 1926, the plaintiffs, acting through their duly authorized agent, bought of defendants $3,000 worth of pecan trees, being

1,000 trees at $3 each, under the terms of a written contract. That plaintiffs paid cash for said trees before delivery, receiving a discount of $125 on the principal. That the contract provided, among other things, that the defendants would replace at half price any trees not alive one year after planting. Plaintiffs alleged that there died, or wholly failed to sprout during the first year after planting, 497 of said original 1,000 trees; that the defendants were notified in writing of said loss and requested to replace the same, which they wholly failed to do, to the plaintiffs' damage in the sum of $1,500.

Plaintiffs, pending final judgment, secured the issuance of a writ of garnishment against C. H. Clark, Mora C. Clark, and Fred M. Gates, who reside in Wichita county, alleging that each of them are indebted to the defendants, and that each of them have in their hands effects belonging to the defendants. The writ was issued, and judgment was obtained against the garnishees in the sum of $641, with interest from October 17, 1930, at the rate of 6 per cent. per annum, and the further sum of $12.95 as costs. It appears that defendant J. L. H. Hawkins had replevied the fund from said garnishees by giving bond for $3,000 with the United States Fidelity & Guaranty Company as sureties, payable to the plaintiffs and conditioned for the payment of any judgment that may be rendered against the garnishees in this suit. From this judgment, the defendants have appealed to this court.

### Opinion.

It does not appear that either of the plaintiffs or the defendants below have applied to this court for permission to file in time before submission their briefs, but each has submitted copies of briefs which the clerk did not file because they came too late, and notified them of his refusal to file.

Article 1848, Rev. Civ. Statutes, as amended by Acts of the 42nd Legislature (1931), c. 64, § 1 (Vernon's Ann. Civ. St. art. 1848) provides: "Cases upon the trial docket which have not been advanced as provided by law, shall be set for submission eight weeks ahead of the date of submission and the parties or their attorneys of record notified of the date for submission, as provided in Section 1 of this Act. The appellant, or plaintiff in error, shall have thirty days from the date of such notice in which to file his brief in the Court of Civil Appeals and the appellee's brief shall be so filed at least five days before the date set for submission. Upon good cause shown, the Court of Civil Appeals may grant either or both parties further time for the filing of their respective briefs and may extend the time for the submission of the case."

The briefs for appellants were tendered November 25, 1931, and the briefs for appellees were tendered to this court on November 28, 1931. The case was submitted November 28, 1931. Hence, neither side complied with the statute, and have not filed any motion to file briefs. No doubt we would be authorized to dismiss the appeal for failure of appellants to file their briefs. But we have concluded to consider the case on its merits, irrespective of such failure to file briefs.

Appellants allege a variance between the amount sued for and the amount stated in the garnishment and the return thereof, and allege error in the failure of the court to sustain the motion to quash. While the plaintiffs did allege that 497 of said original 1,000 trees either died or wholly failed to sprout during the first year, according to our calculation they were entitled to $745.50. In the affidavit for the return of the garnishment plaintiffs alleged that they had sued defendants for the debt amounting to $1,500, though the amount alleged in the petition was $745.50. The court rendered judgment for $641 and costs of $12.95. We think this judgment was justified and supported by the record.

Article 4076, Rev. Civ. Statutes, provides:

"The clerks of the district and county courts and justices of the peace may issue writs of garnishment, returnable to their respective courts, in the following cases:    *   *   *

"2. Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not within his knowledge property in his possession within this state, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or the garnishee."

In First Nat. Bank of Stephenville v. McClellan, 211 S. W. 794, by the El Paso Court of Civil Appeals, it was held that a garnishment affidavit, under article 271, subd. 2, and article 273, Rev. Civ. Statutes 1911, is not required, in view of article 276, to state amount of indebtedness claimed.

In Equipment Co. of Texas v. Stockyards National Bank, 283 S. W. 610, the Waco Court of Civil Appeals cited with approval the McClellan Case, supra. It appears that neither of these cases has been passed on by the Supreme Court, but we believe they are correct, and that it is not necessary to state the exact amount of the debt in the affidavit for garnishment. Hence, the judgment of the court below is affirmed.