## FEDERAL AMERICAN NAT. BANK & TRUST CO. OF WASHINGTON, D. C., v. SCOTT.

### No. 3527.

Court of Civil Appeals of Texas. El Paso.
March 25, 1937.

A. J. Lewis, of San Antonio, for appellant.

E. B. Craig, of San Antonio, for appellee.

NEALON, Chief Justice.

Cary A. Hardee, as receiver of the Federal American National Bank & Trust Company, of Washington, a national banking association, sued appellee, R. E. Scott, upon a note for $320 principal, with interest thereon at the rate of 8 per centum per annum from July 23, 1932.

The note was in renewal of a balance due on a note originally in the sum of $750. The original note was payable to Maddux, Marshall, Moss & Mallory, Inc., was dated April 5, 1927, matured June 6, 1927, was indorsed by said corporation, and discounted before maturity (April 19, 1927) with the Merchants Bank & Trust Company.

Payee received credit upon its account for the amount of the note. At various times payments were made upon the debt evidenced by the note, and renewal notes executed for the balances so left, until the note declared upon was executed and delivered. October 31, 1932, the Merchants Bank & Trust Company was merged and consolidated with the Federal American National Bank & Trust Company, and title to the note passed to the last-named institution. The execution of the note is admitted. It is unpaid.

The appellee pleads that he was an accommodation maker; that he executed the note at the request of the president of the original payee, and upon his promise that appellee should be saved harmless; that either payee or the indorsers, one of whom was payee, would pay it.

### Opinion.

1. It will be seen that appellee depends upon allegation and proof that he executed the original note, of which this is a renewal as to an unpaid balance, as an accommodation maker; and with the understanding that he would not be held liable. The bank was not a party to this agreement. The party accommodated was not the bank, but the original payee, a debtor of the bank. The payee went out of business, and the indorsers to whom appellee looked for protection became insolvent. The note has never been paid, and it does not appear that the original payee had any balance to its credit with the bank, out of which the note declared on might have been satisfied when it matured. The defense is an attempt to vary by parol an unqualified, unconditional written promise to pay a stipulated amount at a stated time. As against appellant it is unavailing. Guarantee Life Ins. Co. v. Davidson (Tex.Com.App.) 234 S.W. 883; Houghton v. American Trust & Savings Bank (Tex.Civ.App.) 247 S.W. 904; West v. First Baptist Church of Taft, 123 Tex. 388, 71 S.W.(2d) 1090.

2. If the note, as alleged, was not to be enforced, but was executed merely to aid in supporting the credit of a corporation with its bank, and by agreement of payor, payee, and the bank, it was to remain with the bank as an apparent asset, when in reality it was intended, as far as appellee was concerned, to be but a "scrap of paper," the appellee is estopped from asserting such

a defense against a receiver of the bank, and the receiver need not plead estoppel. Shaw v. Borchers (Tex.Com.App.) 46 S.W.(2d) 967; Brand v. Korth (Tex.Com.App.) 99 S.W.(2d) 285; Murchison v. Saxon (Tex. Com.App.) 99 S.W.(2d) 288.

From what has been said, it follows that the judgment of the trial court cannot stand. It is therefore ordered that said judgment be reversed, and judgment is here rendered in favor of appellant and against appellee for the sum of $320, with interest thereon from July 23, 1932, at the rate of 8 per centum per annum, and for costs.

Reversed and rendered.