## FIRST NAT. BANK IN GEORGE WEST v. BROWNSON.

No. 10072.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1937.

Rehearing Denied June 30, 1937.

A. J. Lewis, of San Antonio, and O. W. Percy, of George West, for appellant.

T. H. Miller, of George West, for appellee.

MURRAY, Justice.

Appellant, First National Bank in George West, instituted this suit against T. J. Brownson and Frank Gibbens, seeking to recover the amount of principal, interest, and attorney's fees due on a certain note, originally for the principal sum of $1,727.09, signed by Gibbens and Brownson, dated July 28, 1932, and payable to the order of First National Bank of George West.

The original payee in the note became insolvent and was placed in liquidation. The appellant herein was a new bank organized for the purpose of taking over the assets and liabilities of the defunct bank and became the owner and holder of the note sued on herein after maturity. From the face of the note it appeared that Gibbens and Brownson were comakers of the note, but in truth and in fact Gibbens was the primary obligor on the note.

Judgment was rendered against Gibbens for the full amount of principal, interest, and attorney's fees due on the note, from which judgment he has not appealed, and, accordingly, that part of the judgment will be in all things affirmed.

Brownson pleaded that he had signed the note at the request and for the accommodation of the bank, without any consideration passing to him, and that he was not liable therefor.

The case was tried to a jury, and upon the jury's answers to the two special issues submitted to them the trial court rendered judgment that the appellant bank take nothing as against Brownson; and from that judgment the First National Bank in George West has prosecuted this appeal.

Brownson's testimony was to the effect that Gibbens owed the note to the original bank, and that in July, 1932, it became necessary to renew Gibbens' indebtedness to the bank; that the bank examiner was then going through the bank, and the cashier of the bank requested Brownson to sign Gibbens' renewal note so that it might look better to the bank examiner, which he did, as an accommodation to the bank. However, it developed during the trial that Gibbens had previously renewed this note and that Brownson had signed the previous renewal of the note as comaker with Gibbens.

The court submitted the following two special issues to the jury:

"Special Issue Number One: Do you find from a preponderance of the evidence that defendant, T. J. Brownson, signed with his co-defendant, Frank Gibbens, the previous note of which the note sued upon in this cause was a renewal? Answer 'Yes' or 'No' as you may find the facts to be. Answer: 'Yes.'

"Special Issue Number Two: Do you find from a preponderance of the evidence that the defendant, T. J. Brownson, signed the note sued upon at the request of the bank's cashier for the purpose of making said note appear better for the bank to the bank examiner? Answer 'Yes' or 'No' as you may find the facts to be. Answer: 'Yes.'"

The evidence clearly shows that on July 28, 1930, Frank Gibbens was indebted to the First National Bank of George West (the old bank) in the sum of $1,526.25. This indebtedness, together with delinquent interest, was renewed on March 28, 1931, by a note signed both by Frank Gibbens and appellee Brownson. On July 28, 1932, the note sued on herein was signed by both Gibbens and Brownson as a renewal of the prior note.

The jury found by their answer to the first special issue that Brownson did in fact sign the note of March 28, 1931; which would seem to destroy Brownson's defense that he signed the note sued on only to accommodate the bank. However, the jury, by their answer to the second special issue, found that Brownson executed the note sued on at the request of the cashier of the bank, for the purpose of making said note appear better for the bank to the bank examiner. Even though it be true that Brownson signed the note only for the purpose of making the note appear better for the bank to the bank examiner, he would be estopped to plead this defense after the bank had become insolvent. Shaw v. Borchers (Tex.Com.App.) 46 S.W.(2d) 967; Brand v. Korth (Tex.Com.App.) 99 S.W.(2d) 285; Murchison v. Saxon (Tex. Com.App.) 99 S.W.(2d) 288; Federal American National Bank & Trust Company v. Scott (Tex.Civ.App.) 103 S.W.(2d) 1064.

Accordingly, the judgment of the trial court, in so far as it denied a recovery against Brownson, will be reversed, and judgment here rendered in favor of appellant and against appellee in the sum of $1,962.21, together with interest thereon from the 10th day of June, 1936, at the rate

of 10 per cent. per annum until paid, and for costs.

Affirmed in part; reversed and rendered in part.