## FIRST NAT. BANK IN GEORGE WEST v. FROST NAT. BANK OF SAN ANTONIO et al.

### No. 10739.

Court of Civil Appeals of Texas.
San Antonio.

June 26, 1940.

Rehearing Denied Aug. 7, 1940.

A. J. Lewis and Ralph G. Langley, both of San Antonio, and S. E. Dyer, of Corpus Christi, for appellant.

Moursund, Ball, Moursund & Bergstrom, of San Antonio, T. H. Miller, of George West, and J. B. Lewright, of San Antonio, for appellees.

MURRAY, Justice.

The record in this case was filed in this Court on July 27, 1939. It was set for submission on April 10, 1940. On April 9, 1940, one day before the day of submission, appellee filed a motion to dismiss the cause because the district clerk's certificate to the transcript was not in compliance with the requirements of the statutes. Art. 2282, R.C.S.1925.

This motion comes too late to receive favorable consideration. Rule 8 for the Courts of Civil Appeals (142 S.W. p. xi) provides: "All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

The defect in the clerk's certificate is such a matter as can be waived. Freeman v. Collier Racket Co., 101 Tex. 60, 104 S.

W. 1042; J. D. McCollom Lumber Co. v. Whitfield, Tex.Civ.App., 53 S.W.2d 77; Pittman v. City of Wichita Falls, Tex.Civ. App., 117 S.W.2d 491; Atascosa County v. Alderman, Tex.Civ.App., 91 S.W. 846; St. Louis I. M. & S. Railway Co. v. West Bros., Tex.Civ.App., 152 S.W. 181; Glaspy v. Grubbs, Tex.Civ.App., 110 S.W.2d 1188. The 'motion to dismiss will be overruled.

Appellees have not filed a brief herein and this cause is submitted upon appellant's brief.

This is an appeal from a judgment in the District Court of Live Oak County quashing a writ of garnishment issued out of that court on the judgment in the case of First National Bank in George West v. Brownson et al. In that case the bank secured a judgment against one Frank Gibbens, but was denied a recovery against T. J. Brownson. An appeal was taken and this Court reversed that part of the judgment denying a recovery against Brownson and rendered judgment against him in the sum of $1,962.21, together with interest. First Nat. Bank v. Brownson, 106 S. W.2d 1076. On this judgment Brownson made two payments of $500 each, and the writ of garnishment involved herein was issued in an attempt to collect the balance alleged to be due on the judgment. The writ of garnishment was issued against the the Frost National Bank of San Antonio, which answered that it did have on hand funds belonging to Brownson.

Brownson intervened in the matter and filed his first motion to quash the writ, to which the trial court sustained a general demurrer. Whereupon Brownson filed his second petition of intervention and motion to quash. A hearing was had upon this petition which resulted in the quashing of the writ of garnishment, from which judgment the First National Bank in George West has prosecuted this appeal.

The first ground upon which appellee Brownson sought to quash the writ of garnishment was that the application for the writ contained the following untrue statement, to-wit: "That on June 9, 1937, the bank had secured a judgment in the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas against Frank Gibbens and T. J. Brownson, jointly and severally, both of Live Oak County, Texas, in the principal sum of $1962.21, with interest thereon at the rate of ten (10%) per cent per annum from June 10, 1936, until paid, together with costs of court

in the sum of $30.50. Thereafter on August 3, 1937, the mandate of the Court of Civil Appeals was duly issued and returned and filed in this Court on August 4, 1937."

The untrue part of the statement is that appellant secured a judgment against Frank Gibbens in the Court of Civil Appeals; that part of the judgment was rendered in the district court and only the judgment against T. J. Brownson was rendered in the Court of Civil Appeals. We are of the opinion that the untrue part of the statement may be treated as surplusage, being only descriptive matter.

The garnishment proceedings were purely ancillary to the ·main action and the Court will take judicial knowledge of the original proceeding. Kelly v. Gibbs, 84 Tex. 143, 148, 19 S.W. 380, 563. The description of the judgment was sufficient under all the circumstances to enable the trial court and the clerk thereof to issue the writ properly.

Furthermore, the mere fact that the affidavit for the writ might contain untrue statements would not furnish grounds for quashing the same. First Nat. Bank v. Guinn, Tex.Civ.App., 57 S.W.2d 880.

Appellees' next ground for quashing the writ was, that in allowing credits on the judgment there should have been allowed the sum of $42.94 more· than was allowed. This was immaterial. The statutes, Art. 4076, R.C.S.1925, do not require that the exact amount due on the judgment be stated in the affidavit for the writ. Margerum v. Sopher, Tex.Civ.App., 46 S.W. 2d 457; Hawkins v. Culbertson, Tex.Civ. App., 48 S.W.2d 345; First National Bank v. McClellan, Tex.Civ.App., 211 S.W. 794; Equipment Company v. Bank, Tex.Civ. App., 283 S.W. 610.

The alleged discrepancy of $42.94 arises out of a contention that when payments were made on the judgment they should have been applied to a payment on the principal and not first to accrued interest. The payments were properly applied to the accrued interest, and there was in fact no discrepancy in the amount due on the judgment. Tooke v. Bonds, 29 Tex. 419; J. I. Case Co. v. Laubhan, Tex.Civ.App., 64 S.W.2d 1079; 25 Tex.Jur. p. 25, § 19.

Another ground on which appellees sought to quash the writ was, that the application did not show that the affiant, C.

L. Tullos, was authorized to make the affidavit. C. L. Tullos is described in the affidavit as president of the Bank, this was sufficient to show his authority. First National Bank v. Graham, Tex.Cr.App., 22 S.W. 1102; 2 Tex.Jur. p. 339, § 5; Evans v. Lawson, Smith & Company, 64 Tex. 199.

Appellees' second amended petition of intervention and motion to quash was subject to general demurrer and the trial court erred in not sustaining the general demurrer.

The judgment is reversed and the cause remanded.