MUNDY & COMPANY, Inc. v. HOUSTON
BANK & TRUST CO. et al.

No. 12501.

Court of Civil Appeals of Texas.
Galveston.

Feb. 5, 1953.

Gerald S. Gordon, of Houston, for appellant.

No briefs filed by appellees.

MONTEITH, Chief Justice.

Appellant, Mundy & Company, Inc., brought suit in the 80th District Court of Harris County, Texas, against Pasadena Building Company for debt based upon a verified account, and applied for a writ of garnishment against appellee, Houston Bank & Trust Company, Garnishee, who timely answered the writ of garnishment that Pasadena Building Company had a checking account with it with a credit balance of $1,175.51 at the time of service of the writ of garnishment on it. Pasadena Building Company answered in the garnishment proceeding and moved to quash the writ of garnishment on the grounds that the affidavit for garnishment did not state the number of any pending law suit against it or state the district court in which the case was pending. It alleged that the affidavit does not state or allege that such alleged debt is "just" as required by Art. 4076 of the Revised Civil Statutes of Texas, and that the records of the case do not establish that any suit was pending at the time the bond and affidavit for garnishment were filed and action thereon commenced. The trial court granted the motion to quash the writ of garnishment, and appellant has appealed.

Neither appellee, Houston Bank & Trust Company, nor Pasadena Building Company has filed a brief in this court.

Appellant relies in the appeal upon two points of assigned error. Under its first point it contended that the trial court erred in holding in effect that appellant's application for the writ of garnishment did not comply substantially with all the requirements of said Article 4076, R.C.S. and Rules 658 and 659 of the Texas Rules of Civil Procedure.

Under its second point it alleged that the trial court abused his discretion in not permitting appellant to amend and correct the clerical error in the application for writ of garnishment, pursuant to Rule 679, T.R.C.P., by inserting the word "just" therein.

Pasadena Building Company's motion to quash garnishment proceedings is governed by Rules 658 and 659, T.R.C.P.

Rule 658 provides certain requirements for an application for a writ of garnishment. It reads, "Before the issuance of the writ of garnishment, the plaintiff shall make application therefor, signed by him, stating the facts authorizing the issuance of the writ, and that the plaintiff has reason to believe, and does believe, that the garnishee, stating his name and residence, is indebted to the defendant, or that he has in his hands effects belonging to the defendant."

The record shows that the number of the cause is shown on the cover as No. 404,731–A.

The application for writ of garnishment recites that "Plaintiff * * * has heretofore in this court instituted suit * * * which said suit is now pending on the docket of this Court * * *."

The cover of the application for writ of garnishment reflects the words and numerals "80th". There is only one 80th District Court in Harris County.

In the case of B. F. Bridges & Son v. First National Bank of Center, 47 Tex.Civ. App. 454, 105 S.W. 1018, appellants contended that the trial court had erred in refusing to quash the writ of attachment upon their motion, on the grounds that the affidavit and bond did not identify the suit in which the attachment was sought. Both the affidavit and bond gave correctly the style of the suit, the court in which it was pending, and the term of the court to which the suit was brought, but omitted the number of the case. The court held that it was not essential that the number of the case be stated in the affidavit or bond where they contain other matters which clearly show the cause in which the attachment is sought, and that both the affidavit and bond as shown by the record were endorsed on the back with both the style and the number of the case.

The case of Munzenheimer v. Manhattan Cloak & Suit Co., 79 Tex. 318, 15 S.W. 389, was based on the denial of a motion to quash a writ of attachment for the alleged reason that the affidavit did not identify the cause in which it was filed. The record reflected that the affidavit was filed on the day that the petition and attachment bond were filed, that they were filed in the same court, and that the record showed the correct number of the cause. After the attachment was levied some error was pointed out, and the court permitted the plaintiff to amend the writ so as to include all persons who were required to be shown therein. The court stated that the levy was valid and that amendment should be permitted.

In Pasadena Building Company's motion to quash the garnishment proceeeding, the allegation that the appellant had failed to include the word "just" as set out in Art. 4076, requiring the statement that the debt is "just, due and unpaid," be contained in the affidavit, is answered by the court in the case of H. B. Claflin Co. v. Kamsler, Tex.Civ.App., 36 S.W. 1018. The appellant had filed a motion to quash an attachment proceeding on grounds that the word "justly" was omitted from the affidavit and that plaintiff did not make the statutory affidavit that defendant was "justly indebted." The court held that the trial court had erred in quashing the attachment proceedings because it appeared from the original petition and the exhibits thereto attached, constituting the affidavit for attachment, that the defendant was justly indebted to the plaintiff.

In the case of Trabue v. Whitney, 42 Tex.Civ.App. 520, 94 S.W. 186, a motion to quash garnishment proceedings was made for the alleged reason that the application did not allege that there was an affidavit filed by the plaintiff that the debt sued for was just, true and unpaid, because the application does not state the amount due; and because the plaintiff did not make oath that the plaintiff's debt is just, due and unpaid, but that the debt sued for was just, due and unpaid. The trial court in that case had quashed the garnishment. The court on appeal stated that the petition should be considered as a part of the application and affidavit, and that the affidavit is sufficient when the petition is included therein containing all of the statutory requisites for an affidavit for writ of garnishment.

The case of Harrisburg National Bank v. Geo. C. Vaughan & Sons, Tex.Civ.App., 204 S.W.2d 9, was a garnishment proceeding wherein ownership of an attached bank account was an issue. One of the questions raised was whether the court had jurisdiction over the parties. The court held that a garnishment proceeding, both below and on appeal, is merely a part of the main case taking its jurisdiction therefrom and that in the ancillary proceeding the court in dealing therewith may look to the record in the main case for every purpose, quoting King & King v. Porter, 113 Tex. 198, 252 S.W. 1022; Kelly v. Gibbs, 84 Tex. 143, 19 S.W. 380; Id., 84 Tex. 143, 19 S.W. 563. The case was reversed and rendered on other grounds.

In the case at bar a verified statement that the debt sued on was "just, due and unpaid" is contained in the affidavit attached to the original petition. It seems to be the rule that the mere omission of the word "just" where other allegations in connection therewith are properly stated does not render the affidavit fatally defective.

Under its second point, appellant claims that the trial court abused his discretion in not permitting appellant to amend and correct the alleged error in the application for writ of garnishment, pursuant to Rule 679, T.R.C.P., by insertion of the word "just" therein.

Rule 679, supra, provides that, "Clerical errors in the affidavit * * * may upon application in writing to the judge * * * of the court in which the suit is filed, and after notice to the opponent, be amended in such manner and on such terms as the judge or justice shall authorize * * * provided such amendment appears to the judge or justice to be in furtherance of justice." It is undisputed that appellant had timely filed a motion to correct, alleging that the omission of such word was clerical error and requesting permission to insert the word "just." Due notice was given to opponent, who did not choose to resist the action by formal reply to Motion to Amend. There was no pleading that granting such motion was not in the furtherance of justice and all other require-

ments having been taken care of, appellant contends that it was the duty of the trial court to grant the motion to amend.

Under the above cited authorities, the omission of the word "just" is not fatal and the words "due and unpaid" include the word "just."

It follows that the judgment of the trial court must be reversed and remanded to the trial court, with instructions that the motion to quash be in all things denied.