## CAMDEN FIRE INS. ASS'N et al. v. FIRST NAT. BANK OF WAURIKA.

### No. 13152.

Court of Civil Appeals of Texas. Fort Worth.

April 26, 1935.

Rehearing Denied July 12, 1935.

Smoot & Smoot, of Wichita Falls, for appellants.

Mike Anglin, of Wichita Falls, for appellee.

BROWN, Justice.

This is a garnishment suit, in which the writ was sued out before judgment was had against the original defendant.

The application for the writ was made in behalf of appellee, First National Bank of Waurika, Okl., and names Camden Fire Insurance Association, of New Jersey, as garnishee. The application is in the usual and ordinary form, and is signed by one Mike Anglin. To this application we find the following jurat:

"State of Texas: County of Wichita:

"Before me on this the 31st day of March, A. D. 1933, personally appeared Mike Anglin, known to me, who subscribed the above instrument before me and upon his oath states that he is the attorney for plaintiff therein and that the material allegations contained in above petition are true and correct.

"[Seal]          Fred M. Green,

"Notary Public, Wichita County, Texas."

It was filed with the county clerk on April 1, 1933, together with a statutory

bond, and on the same date the writ was issued and was duly served upon the garnishee's agent on the date of issuance, commanding the garnishee to appear and answer at the next term of the said county court, to be held on April 3, 1933.

On October 31, 1933, the defendant in the original suit for debt, B. G. Walston, with Chas. H. Smoot and Geo. A. Smoot, as sureties, made and filed a replevin bond payable to the plaintiff bank.

On February 23, 1934, the garnishee and the two sureties on the replevin bond filed motions to quash the garnishment writ. The motions are identical, and assert that the writ and application therefor are vague and uncertain as to the amount claimed to be owing by defendants to the plaintiff; that the application is not supported by a proper affidavit made by either the plaintiff, or its authorized agent, setting out the existence of statutory grounds authorizing the issuance of the writ; that the writ was issued without the existence of grounds therefor, in that the defendants had property situated in Wichita county, at the time, subject to execution; that the application is not signed by the plaintiff, or by any other person shown or alleged to have any knowledge of the facts set out.

On March 10, 1934, the trial court overruled the motions to quash, and the movants excepted to such order and ruling.

As late as March 5, 1934, the garnishee answered, asserting that it was not required to answer until the June term of the court, which began on the first Monday in June, 1933, and that on April 1, 1933, and on the first Monday in June, 1933, it was not indebted to the defendants Walston and wife, but that there was pending on such dates a fire insurance policy upon which such defendants were making a claim, and that on June 12, 1933, Walston and wife signed a settlement agreement on the policy agreeing to compromise their claim against the garnishee for $1,100, and the settlement was accepted and the garnishee paid the defendants and Wichita Falls Building & Loan Association such sum, on August 10, 1933; the said association being entitled to receive such amount as was due it by reason of holding a first lien against the premises, which the garnishee asserts was approximately $700; that the balance was retained by the garnishee, same being approximately $400, but that on November 1, 1933, the defendant in the original suit executed and filed a replevin

bond signed by B. G. Walston, George Smoot, and Charles Smoot; that such bond was approved and filed and is now in the papers on file.

On April 10, 1934, the trial court rendered judgment finding that on December 15, 1933, the plaintiff bank secured a judgment in such court against B. G. Walston, for $296.76, with interest at 6 per cent. from such date; that the writ of garnishment was duly served on the garnishee; that prior to such service there was a just and legal claim arising under a certain fire insurance policy, payable to B. G. Walston by the defendant-garnishee, occasioned by a fire loss, covering property not exempt by law, and that subsequent to such service the garnishee paid Walston's claim for such loss; that prior to the garnishee's answer, and on November 1, 1933, Walston, as principal, and Chas. Smoot and George Smoot, as sureties, executed a replevin bond in the sum of $600, payable to plaintiff, and the garnishee then paid to Walston approximately $400. Judgment was rendered in favor of plaintiff bank against B. G. Walston and his sureties, Chas. H. Smoot and Geo. A. Smoot, jointly and severally, for $296.76, with interest at 6 per cent. from December 15, 1933, and all costs in the original suit and in the garnishment suit, and allowing the attorney for the garnishee $20.

On this judgment, after the signature of the presiding judge, appears a notation to the effect that "Camden Fire Insurance Company and the sureties on the replevy bond in open court duly excepted to action of the court in rendering the above judgment and then and there in open court gave notice of appeal," etc.

A supersedeas bond on appeal was filed April 25, 1934, with the insurance association, Chas. and Geo. Smoot, as principals, and J. Ralph Schoolfield and J. P. Carr, as sureties; the bond being payable to the First National Bank of Waurika, Okl., in the sum of $850.

Appellants are the garnishee insurance association and Chas. and Geo. Smoot, sureties on the replevin bond.

The first proposition asserts that the garnishment writ should be quashed because the allegations in the application, to the effect that the defendants did not have property, subject to execution, in Wichita county, sufficient to satisfy plaintiff's debt, are notoriously untrue.

The proposition is not sustained by authority. First Nat. Bank of Munday v. Guinn (Tex. Civ. App.) 57 S.W.(2d) 880; Smith v. Sealy State Bank (Tex. Civ. App.) 60 S.W.(2d) 486; recent cases state the correct rule.

■ The second, third, and fourth propositions attack the regularity and sufficiency of the application for the writ and the certificate or jurat of the notary public.

Tested by article 23, subd. 18, Revised Civil Statutes 1925, we believe the application is in substantial compliance with the statutory requirements, and overrule appellants' contentions.

■ The fifth proposition asserts that the writ was issued on March 31, 1933, and the bond was executed April 1, 1933, and for such reason the writ should be quashed.

We find nothing in the contention. While the writ is dated March 31st, it was not delivered to the officer until April 1st, the day on which the bond was executed and approved.

■ The sixth proposition complains of the fact that no proof of the existence of the judgment against Walston in the original suit was made, and that therefore the trial court had no authority to enter the judgment in the garnishment case.

The suit for debt and the garnishment suit were brought simultaneously in the same court. The authorities which control, under such circumstances, are reviewed in the case of Tripplett v. Hendricks (Tex. Civ. App.) 212 S. W. 754, and it seems clear that the court which, shortly before, entered a judgment for the plaintiff against the defendant in the suit for debt can take judicial notice of such judgment. The case of Baze v. Island City Mfg. Co. et al. (Tex. Civ. App.) 94 S. W. 460, 461, is exactly in point. Judge Fly, speaking for the Court of Civil Appeals, said: "The original judgment having been rendered in the same court, it would in a garnishment proceeding take judicial notice of the judgment and it would not be cause for reversal if the judgment had not been introduced."

■ The seventh, eighth, and ninth propositions are, respectively, that the answer of the garnishee did not state the exact amount it owed to the defendant, and the trial court was not warranted in rendering the judgment here found; that the answer of the garnishee showed it was not indebted to the defendant in any amount, at the time it was served with the writ, or required to answer, and, the answer not being controverted, the court erred in rendering the judgment here found; and that the writ, not having stated the amount of the debt claimed by the plaintiff with sufficient certainty to enable the garnishee to calculate the amount, the writ is insufficient, and should be quashed.

The writ notified the garnishee that the plaintiff had brought suit, in the court in which the garnishment writ is issued, against B. G. Walston and wife, claiming an indebtedness of $236.50, besides interest, attorney's fees, and costs. The garnishee, by inspecting the application for the writ, could easily determine that the debt sued for was founded upon a promissory note in the sum of $236.50, with 10 per cent. interest from October 1, 1932, and 10 per cent. additional as attorney's fees.

■ This garnishee answered that it became and was indebted to the defendant in the sum of approximately $400, which it paid to the defendant, before it made answer; and that garnishee was careful to take a replevin bond from the defendant in the sum of $600. The allegations in the answer of the garnishee, to the effect that it was not indebted to Walston when the writ was served upon it, or when it should have answered, back in June, 1933, and on the first Monday in such month, are shown to be mere conclusions upon its part, and wholly erroneous conclusions, as is disclosed by the subsequent allegations showing the indebtedness and how it arose. Phenix Ins. Co. of Brooklyn v. Willis et al., 70 Tex. 12, 6 S. W. 825, 8 Am. St. Rep. 566.

All assignments of error are overruled, and the judgment of the trial court is affirmed.

B. G. Walston has not appealed, but the Camden Fire Insurance Association has made itself an obligor on the supersedeas bond, and judgment is here rendered against said obligor and the sureties on the said bond.