[Civil No. 4350.   Filed June 2, 1941.]

[113 Pac. (2d) 866.]

J. A. FARRELL, Appellant, v. CARL WEST and HENRY WEST, Appellees.

Mr. George D. Locke, Mr. Thomas W. Glenn and Mr. Charles Rogers, for Appellant; Mr. J. Bolivar Sumter, on the Brief.

Messrs. Morris & Malott, for Appellees.

ROSS, J.—J. A. Farrell brought this action to quiet his title to the S.½ of N.E.¼ and the N.E.¼ of S.E.¼ of Section 10, Township 5 South, Range 27 East, G. S. R. B. & M., Graham County, against A. T. West, Carl West, Henry West and Charles M. Pursley.

Defendants A. T. West and Charles M. Pursley filed answers disclaiming any interest in the premises.

Defendants Carl and Henry West answered by setting up title in themselves acquired through (1) the ten-year statute of limitations; (2) the five-year statute of limitations; (3) a judgment in another action as *res judicata;* and (4) through a United States Patent and subsequent conveyances down to themselves. They pray that the title be quieted in them.

The case was tried to the court without a jury and judgment was given defendants Carl and Henry West quieting their title, and the plaintiff has appealed.

The trial court ruled against defendants' several pleas in bar to the action and, since they do not appeal therefrom or cross-assign such rulings as error, the only question is, did the defendants acquire title to the land by purchase from plaintiff or his grantees as claimed in their answer and as decided by the court.

The oral and documentary evidence and the admissions of the pleadings present this fact situation: February 17, 1925, the said land was patented to plaintiff, J. A. Farrell; March 24, 1927, he and his wife deeded it to N. W. Wickersham, trustee; September 14, 1927, Wickersham, trustee, deeded it to West, Farrell & West Investments, Incorporated, a corporation; December 7, 1929, the latter deeded it to defendant Pursley; April 29, 1929, the Consolidated National Bank of Tucson obtained a judgment of $35,887.74 against plaintiff Farrell, A. T. West, one John West, and West, Farrell & West Investments, Incorporated. Later the bank levied an execution on the land (and other assets of defendants) and caused it to be sold, the bank being the purchaser. After the bank had given credit for what it realized from execution sale, there was still due it from the defendants in that proceeding over $7,000. On December 10, 1929, defendant Pursley paid the bank the balance still due it, and took a conveyance of said land and a lot of other property from the bank, under an arrangement with the bank, A. T. West and the plaintiff Farrell, to the effect that if West and Farrell would reimburse him he would convey the land to Farrell and certain other property (cattle, cattle brands, etc.) to said West. As a part of the same transaction, Farrell and A. T. West made and delivered to Pursley a promissory note for the amount he paid the bank on their account, to wit, $7,922.10, bearing interest at 8% per annum, payable on or before July 1, 1930. Pursley, in that connection, gave to Far-

rell and A. T. West a written agreement to sell to them said land, cattle, cattle brands, etc., for $7,922.10, or the amount of said note, if paid in accordance with the tenor and conditions of the note. In said agreement Farrell and A. T. West bound themselves to pay all taxes on the property; to properly care for and maintain the property; to salt, brand and care for the cattle, etc. They were given by Pursley the right to sell the property for enough to discharge the note, if done at one sale and at one time, but sales for less amounts could be made only with Pursley's written consent. They agreed therein, upon a failure to comply with the terms and conditions of their contract within the time stipulated, to peaceably turn such property over to Pursley.

Contemporaneously, Pursley made out a bill of sale of the cattle, cattle brands, etc., and a quitclaim deed of the land, which were placed in escrow along with the note and agreement to sell the land and cattle, cattle brands, etc., to Farrell and West, with instructions to the escrow keeper to deliver the bill of sale to A. T. West and the quitclaim deed to Farrell if the note was paid on or before July 1, 1930, and if not paid at said time, or at any time thereafter when demanded, the bill of sale and quitclaim deed to be returned to Pursley. Time to pay the debt as evidenced by the note was extended by Pursley from time to time.

West and Farrell made payments on their note from time to time until on May 23, 1935, it was reduced to $1,903.65. On September 9, 1935, Pursley quitclaimed the land to defendants Carl and Henry West for a consideration of $1,903.65, being the exact amount of the balance of the note. While plaintiff Farrell claims that he and A. T. West paid Pursley the note in full on May 23, 1935, the latter claims that the last payment of $1,903.65 was a balance due him on September 9, 1935, and that on that day he sold and conveyed the

land to defendants Carl and Henry West for that sum. In other words, he claims his agreement with Farrell and West was a conditional contract of sale and not a mortgage, and that, since Farrell and West had failed to perform the conditions of the contract according to its terms, they had forfeited any and all rights to the land.

The plaintiff, on the contrary, insists that the whole transaction shows that Pursley's rights were those of a mortgagee, and it seems to us that he is right in this position. In fact, Pursley testified in the trial that it was a loan and that all he expected was the return of his money and interest.

The deed of the land from the Consolidated National Bank to Pursley contained no defeasance but was absolute in form. However, it was permissible to show it was the intention of the parties concerned (that is, A. T. West and plaintiff Farrell on the one hand, and Pursley on the other hand) that it should be security for the money advanced by Pursley to discharge the bank's claim against A. T. West and plaintiff Farrell. The statute, section 62–502, Arizona Code, 1939, we think, defines the transfer of land as here shown to be a mortgage. Pursley took the title to the land from the bank with the agreement to transfer it to Farrell if and when Farrell and West paid him the amount he paid the bank as evidenced by their note. Whether a deed absolute in form is a mortgage or not is a matter of the intention of the parties. *Coffin* v. *Green,* 21 Ariz. 54, 185 Pac. 361; 19 R. C. L. 261, sec. 29. Certainly, under the terms of the agreement between the parties and the statement of Pursley himself that he had loaned the $7,922.10 to West and Farrell, no other conclusion is possible than that the deed was intended as security, and that being true, Pursley's sale of the land to defendants Carl and

Henry West was ineffective as a transfer of title, providing they had notice of the nature of such instrument. On that point the evidence is conclusive. Carl and Henry West were the sons of defendant A. T. West and helped to look after the various brands of cattle and were familiar with the arrangement between their father and Farrell as debtors and Pursley as creditor. The defendants Carl and Henry West are not, therefore, in a position to claim to be innocent purchasers without notice. They knew all about it.

There is some dispute as to how and by whom the last payment of $1,903.65 was made. Under the pleadings it can make no difference. It was paid and so far as Pursley is concerned his mortgage lien is satisfied. Carl and Henry West are not claiming as the equitable assignees of the note and mortgage but as the grantees of the mortgagee, who, it is admitted, has not foreclosed his mortgage lien and could not, therefore, grant the land by deed. If, as a fact, Carl and Henry West had paid the $1,903.65 and had taken an assignment of the note and mortgage, they might have pleaded the same as a defense to the action to quiet title, but they have not done so.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of plaintiff quieting his title to the land.

LOCKWOOD, C. J., and McALISTER, J., concur.