(No. 6892.   July 17, 1941)

W. H. CASEBEER, C. C. CRAWFORD and C. G. DICK-SON, Appellants, v. R. W. TODD, Respondent.

(115 Pac. (2d) 746)

F. C. Keane and Eugene F. McCann, for Appellants.

Whitla & Knudson, for Respondent.

MORGAN, J.—December 27, 1939, appellants commenced action in the district court for Shoshone County, against respondent, to recover $900, together with interest thereon, and attorneys' fees and costs. The debt was evidenced by a promissory note, executed by respondent, in favor of appellants. The verification of the complaint

shows neither plaintiff was in Shoshone County at the time it was made and, therefore, it was verified by their attorney. The same day, the attorney made affidavit for attachment, wherein he stated the debt sued on was due from respondent to his clients "upon a contract for the direct payment of money, and that the payment of the same has not been secured by any mortgage or lien upon any real or personal property, or any pledge of personal property." Attachment was levied on property of respondent, in Kootenai County. A certificate by the clerk of the district court shows a change of venue was granted transferring the case to the District Court of the Eighth Judicial District, in and for Kootenai County, April 27, 1940. May 16, 1940, respondent filed a motion to quash the writ and dissolve the attachment, on the ground that the affidavit was false, in that the debt was secured by mortgage. The motion was supported by affidavits made by respondent and his wife.

In respondent's affidavit, it is stated he signed the note set out in the complaint and "That at the same time and as security for the payment of said note, affiant signed and delivered to plaintiffs herein a chattel mortgage upon 28 pin tables and counter games, which said tables and games were located in the basement in the Valentine Cafe, Medford, Jackson County, Oregon. That said mortgage has never been released and has continuously existed from the date of its making, to wit, October 9, 1937, to this date. That said mortgage existed at the time of the above entitled action and also at the time of the issuance of the writ of attachment issued herein."

Thereafter the attorney for appellants made and filed an amended affidavit for attachment wherein he stated: "that the payment of said indebtedness was originally secured by a chattel mortgage given by the said defendant to the plaintiffs but that at the specific request of the said defendant said mortgage was not recorded in the County of Klamath, State of Oregon, the place where the same was given, and that said mortgage so given covered twenty-eight pin ball and counter games, located in the basement of Valentine's Cafe in Medford, Jackson County, Oregon, but that thereafter the said defendant removed

all of said pin tables and counter games from the State of Oregon, save and except that he left eight of said machines within the State of Oregon, and that said machines so left within the State of Oregon were at the time that they were left there valueless and that the removal of all said property by the said defendant R. W. Told occurred prior to the 27th day of December, 1939, and that said security so given by the said defendant has without any acts of the plaintiffs or either of them become valueless and that the reason that said security has become valueless was due to the wrongful act of the defendant in removing said pin tables and counter games from the State of Oregon without the knowledge or consent of plaintiffs or either of them,"

Respondent made and filed an affidavit wherein he stated that, immediately after being advised of the contents of the amended affidavit for attachment, he called Mr. Valentine, proprietor of the Valentine Cafe, and asked him if the pin ball and counter games which were security for the note, were still in the basement of his place of business and was advised by Mr. Valentine that said property was in the basement at that time. In the affidavit, he denied that, since giving the mortgage he, or anyone acting for him or at his direction, had removed the mortgaged property from the basement of the Valentine Cafe, and stated that each and all the games and machines which were mortgaged as security for payment of the debt, at all times since the mortgage was given, remained in the basement of the Valentine Cafe, in Medford, Jackson County, Oregon; that said property was at the time of giving of the mortgage of the reasonable and fair value of at least $1,100 "and that said property, at this time, is of almost identically the same value with the single possible exception that the said property may have depreciated slightly."

Thereafter appellant, Casebeer, made an affidavit wherein he stated that immediately prior to the making thereof he went to Valentine's Cafe, in Medford, Oregon, and asked the proprietor thereof to show him the pin ball and counter games referred to in respondent's affidavit;

"That affiant counted each and every one of the games located in said cafe premises and that he found six old fashioned pin-games and thirteen old counter games which were valueless for any purpose whatever. That he was advised by the owner of Valentine's Cafe that he should charge Mr. Todd Ten Dollars ($10.00) storage but he did not consider them worth that amount . . . . that the remainder of said tables and games purportedly covered by same mortgage were not there. . . . . .

"That affiant has had considerable experience in connection with the value of said second hand tables and pin-ball machines and that he knows that said six pin-ball tables and thirteen counter machines that are now located in the basement of said Valentine's Cafe have a value of less than Ten Dollars ($10.00).

"That said machines and tables now within the County of Jackson, State of Oregon, have no value whatsoever or at all, and that the value of said machines has, through no fault of affiant or his co-plaintiffs, become absolutely valueless."

The judge made and entered an order sustaining the motion to quash the writ and dissolve the attachment. The case is here on plaintiffs' appeal from the order.

Idaho Code Annotated, sec. 6-502 requires, in order to secure the issuance of a writ of attachment, that an affidavit be made by or on behalf of the plaintiff, setting forth, among other things, that the payment of the debt sued on "has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property, or if originally secured, that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless."

Section 6-534 provides that the defendant may apply to the court in which the action was brought, or the judge thereof, that the writ of attachment be discharged, on the ground that the same was improperly or irregularly issued, and section 6-535 permits the motion to be made on affidavits on the part of the defendant and, if so made, the plaintiff may oppose the same by affidavits or other evidence.

Section 6-536 provides for the discharge of the attach-

ment if it satisfactorily appears that it was improperly or irregularly issued, and permits the amendment of the affidavit at or before the hearing of the application.

The amended affidavit shows the original, on which the attachment was issued, was false wherein it was represented the payment of the debt sued on had not been secured by mortgage. In their brief, appellants state:

"We have no hesitancy in admitting, in fact we never contended but that the affidavit upon which the writ of attachment originally issued was, in fact, false."

In the absence of a showing that the false statement in the original affidavit was made innocently, we cannot say the judge was bound to accept the amended affidavit as true, or that his order quashing the writ and dissolving the attachment was erroneous.

The order appealed from is affirmed. Costs are awarded to respondent.

Budge, C.J., and Givens, Holden and Ailshie, J.J., concur.