## BIG SPRING TRACTOR CO. v. SCOTT.

### No. 2928.

Court of Civil Appeals of Texas. Eastland.

May 30, 1952.

Guilford L. Jones, Big Spring, for appellant.

Morrison & Morrison, Big Spring, for appellee.

GRISSOM, Chief Justice.

Big Spring Tractor Company sued Robert C. Scott for debt and caused a writ of garnishment to be served on the City National Bank of Colorado City, Texas. The Bank answered that Scott had on deposit an amount in excess of the debt sued for. Scott intervened in the garnishment proceeding and moved to quash the writ on the ground that he owned real estate in Texas, subject to execution, more than sufficient to satisfy plaintiff's debt and that plaintiff's affidavit for garnishment was false.

The trial court found, in effect, that plaintiff's said affidavit was false and for that reason the writ of garnishment was

defective and should be quashed. The court, thereupon, rendered judgment quashing and setting aside all garnishment proceedings, assessing all costs against plaintiff, "and that said intervenor (Scott) go hence with his costs without day." Plaintiff has appealed.

 Plaintiff's only point is that the court erred in holding that the writ of garnishment was defective and should be quashed because of the alleged falsity of the affidavit. Said point is sustained. The validity of a garnishment depends, not upon the truth of facts stated in the affidavit, but upon the fact that the affidavit contains the statement required by statute. Vernon's Ann.Civ.St. art. 4076. First Nat. Bank of Munday v. Guinn, Tex.Civ.App., 57 S.W.2d 880, 882; First Nat. Bank in George West v. Frost Nat. Bank of San Antonio, Tex. Civ.App., 142 S.W.2d 555, 556 (W.D.C.J.); Camden Fire Ins. Ass'n v. First Nat. Bank of Waurika, Tex.Civ.App., 84 S.W.2d 889, 891 (Writ Dis.); Walden v. Locke, Tex. Civ.App., 49 S.W.2d 832, 835; (Writ Ref.); Smith v. Sealy State Bank of Sealy, Tex. Civ.App., 60 S.W.2d 486, 488; 3A Tex.Jur., 147.

The judgment is reversed and the cause remanded.