316 P.2d 492

Leo P. DE WULF and Vivian DeWulf, his wife, Appellants,

v.

M. A. BISSELL and Elsa G. Bissell, his wife, Appellees.

No. 6070.

Supreme Court of Arizona.

Oct. 15, 1957.

Greig Scott and Jack C. Cavness, Phoenix, for appellants.

Gibbons, Kinney & Tipton, Phoenix, for appellees.

STRUCKMEYER, Justice.

In February of 1951, appellants were under contract to purchase certain real property in Maricopa County, Arizona, from a person by the name of Jaeger; and being in danger of forfeiture of the property through default in payments, borrowed $5,000 from appellees. By agreement, the $5,000 was used to purchase an outstanding interest in the property and to satisfy the delinquent payments on the Jaeger contract and taxes then due. The transaction was accompanied by the execution of three instruments:

(1) A warranty deed and bill of sale executed by the DeWulfs, conveying the real and personal property situated thereon to the Bissells.

(2) An option executed by the Bissells granting to the DeWulfs the right to repurchase the property within one year for $7,500.00.

(3) A lease for one year by which the DeWulfs retained possession of the property and agreed to pay $7,200.00 in two semi-annual payments of $3,600.00 each to a special escrow agent for disbursement by it to the Jaegers, in accordance with the terms of the Jaeger-DeWulf contract.

The DeWulfs did not meet the payments specified in the lease, so in order to prevent a forfeiture of the property to the Jaegers, the Bissells paid the two semi-annual installments due from the DeWulfs, the actual amounts being $2,750 and $3,192.50, and the taxes then due in the sum of $358.95. At this point, the Bissells had lent to the DeWulfs, or advanced for their benefit, a total of $11,311.45.

In November of 1951, the parties entered into a further agreement. By its terms, the DeWulfs were given the right to repurchase the property on or before January 15, 1952 for the sum of $15,000. On April 11, 1952, after the second option had expired without being exercised by the DeWulfs, the Bissells brought this action seeking to recover the sum of $7,200 allegedly owed under the lease. At the same time, they caused a garnishment to be issued to the Valley National Bank at Phoenix, Arizona, garnishing the sum of $5,179.80 held on deposit to the account of the DeWulfs. The DeWulfs answered, asserting that the transactions herein described were for the purpose of evading the laws of the State of Arizona prohibiting usury and denied that any sum or sums were due under the lease. The DeWulfs also filed a counterclaim requesting the court to determine the amount lawfully due the Bissells and praying that the transaction be declared a mortgage, that they be permitted to exercise their equity of redemption and further, for damages for

the wrongful suing out the writ of garnishment. The DeWulfs joined the Fidelity and Deposit Company of Maryland, a corporation, as surety on the bond in garnishment.

At the start of the trial, an amended counterclaim was filed which, in substance, included the additional facts that because of the garnishment, the DeWulfs were unable to make a payment due under the Jaeger contract on April 16, 1952, and that as a result, their interest in the property had been forfeited. The prayer for relief further requested damages for the loss suffered. At the conclusion of the trial, the Bissells moved to amend their complaint by adding in the alternative a second clause of action for $11,311.45. The trial court permitted this amendment on counsel's statement it was "in the event the court finds that this is a debt instead of a lease."

The uncontradicted evidence at the trial showed that the DeWulfs, on April 16, 1952, were in a financial position to pay the Bissells the sum of $11,311.45, the actual amount of the loans and advances, and also meet the payment then due on the Jaeger contract; but that in order to do so, it was necessary for them to use the $5,179.80 held under garnishment to the Valley National Bank. On these facts and amended pleadings, the trial court entered judgment in favor of the Bissells on the second claim for relief and denied judgment in favor of the Bissells on the original complaint and judgment in favor of the DeWulfs on the amended counterclaim. This appeal is addressed solely to the failure of the court to grant relief on the DeWulfs' amended counterclaim. No appeal has been taken by the Bissells from the denial of judgment on the original complaint.

Certain conclusions are immediately apparent from the foregoing statement. *First,* the transaction in its entirety was for the purpose of securing loans and advances from the Bissells to the DeWulfs. The trial court in its order and judgment specifically found that "* * * the sums of money paid by the plaintiffs * * * were, in fact, loans to the defendants * *." *Second,* the transaction must be deemed a mortgage. A.R.S. § 33–702. Rogers v. Greer, 70 Ariz. 264, 219 P.2d 760; Farrell v. West, 57 Ariz. 332, 113 P.2d 866; Stephen v. Patterson, 21 Ariz. 308, 188 P. 131. *Third,* as such, it is palpably usurious. A.R.S. § 44–1202. In deciding whether a transaction is usurious, the court will disregard the form and look only to the substance. Seargeant v. Smith, 63 Ariz. 466, 163 P.2d 680. *Fourth,* in denying the Bissells' judgment on their claim for rent under the lease, the trial court impliedly found that the DeWulfs were not indebted to them on the original claim. This implied finding is now res judicata since no appeal has been prosecuted by the Bissells. *Fifth,* since by statute, A.R.S. § 12–1572, the condition of a bond upon garnishment is that plaintiff "will

prosecute the action to effect and pay all damages and costs sustained by defendant by reason of a wrongful suing out of a writ of garnishment", the failure to recover breaches the condition that the action be prosecuted to success. Lawlor v. Merritt, 81 Conn. 715, 72 A. 143, and conclusively establishes that a writ of garnishment was wrongfully sued out. Olsen v. National Grocery Co., 15 Wash.2d 164, 130 P.2d 78; Maib v. Maryland Casualty Co., 17 Wash. 2d 47, 135 P.2d 71. Under this statement of what we conceive to be the law, it would, at least ostensibly, appear that the DeWulfs were entitled to recovery in the trial court in some amount on their counterclaim.

■ Appellees Bissell attempt to sustain the action of the trial court in failing to enter judgment on the counterclaim in favor of the DeWulfs on the principle that the trial court is presumed to have found every fact necessary to sustain its judgment. However, they do not point out any evidence and we have discovered none from which it can be reasonably inferred that the DeWulfs are not entitled to recover on the counterclaim. The trial court cannot be presumed to have found facts which are not supported by the evidence.

■ It is further the appellees' position, however, that because the DeWulfs admit they owed the Bissells $11,311.45 at the time the suit was instigated and at the time the garnishment was issued and served, the amended affidavit on garnishment and amended writ issued on the amended complaint relate back to the original complaint. Consequently, the original garnishment was not wrongful. Appellees rely on the principle announced in the Tucson National Bank v. Gomez, 27 Ariz. 519, 234 P. 560. We do not construe that case as precedent for what has occurred under the facts disclosed here. There, the amended complaint did not change the nature of the action. Accordingly, it was held that the amended affidavit on attachment related the attachment back to the original complaint so as to prevent an intervening attachment from taking priority. Here, the claim for rent was determined by the trial court to have no factual basis; that is, that the Bissells had no claim for rent. The second claim for relief for money lent to the DeWulfs as set forth in the amended complaint existed independent of the claim for rent. The claims were mutually exclusive because if one were found to be true, the other was necessarily untrue. The wrongful nature of the garnishment on the original complaint is to be recognized when it is emphasized that if the garnishment had originally been predicated on the Bissells' second claim, the funds garnished could have been applied in satisfaction of the debt actually owed.

The DeWulfs have assigned as error the trial court's failure to allow recovery of certain specific items of damages pleaded

in their counterclaim. Since it is our conclusion that the lower court erred in failing to grant any relief whatsoever to the counterclaimant, we are of the opinion that it is unnecessary to discuss the assignments relating to the measure of damages.

It is ordered that the judgment of the trial court be reversed with directions to grant the DeWulfs a new trial, such trial to be limited to a determination of the amount of appellants' damages incurred by reason of the wrongful garnishment.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.