THE J. R. WATKINS COMPANY, A FOREIGN CORPORATION, APPELLANT, V. VERN ALFRED SORENSON ET AL., APPELLEES.

88 N. W. 2d 902

Filed March 28, 1958. No. 34366.

*Leamer & Graham,* for appellant.

*Addison & Stertz,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, The J. R. Watkins Company, a foreign corporation, brought this action in two causes of action, seeking to recover from defendants, Vern Alfred Sorenson and his parents, Alfred Sorenson and Helen Sorenson, upon a debt or demand arising upon contract. Therein plaintiff filed an affidavit for attachment, alleging nonresidence of defendants Alfred Sorenson and Helen Sorenson. Thereupon an order of attachment issued and a levy thereof was made August 20, 1957, upon their described farm in Dixon County. Subsequently said defendants filed a motion to discharge the attachment for the reason that the allegations of plaintiff's affidavit for attachment were false and the attachment was unlawfully obtained.

After a hearing on said motion, whereat evidence was adduced, the trial court ordered the attachment discharged. Plaintiff's motion for new trial was overruled, and it appealed, assigning: (1) That the trial court's decision was not sustained by sufficient evidence and was contrary to law; and (2) that the trial court erred in admitting in evidence the affidavit of a physician over objections of plaintiff. We conclude that the assignments have no merit.

With regard to assignment of error No. 2, plaintiff never preserved and presented that alleged assignment of error to the trial court in its motion for new trial.

Therefore, it is elementary that it cannot be considered by this court upon appeal. Such assignment requires no further discussion except to cite Schwank v. County of Platte, 152 Neb. 273, 40 N. W. 2d 863, and Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312.

Hereinafter, Alfred Sorenson will generally be called defendant, but when speaking of both him and defendant Helen Sorenson, his wife, they will generally be called defendants.

At the outset we point out and reaffirm certain rules of law which have application and are controlling, to wit: The hearing of a motion to dissolve an attachment is a "trial" of the issues of law or fact or both in an action or cause within the meaning of that term employed in section 25-1103, R. R. S. 1943. Gibson v. Sidney, 50 Neb. 12, 69 N. W. 314.

In a case where the facts stated in an affidavit for an attachment are denied by a motion to dissolve, the burden is cast upon plaintiff to sustain his charges by a preponderance of the evidence. National Reefer Service, Inc. v. Felman, 164 Neb. 783, 83 N. W. 2d 547.

An order granting or denying a motion to discharge an attachment based upon conflicting evidence will not be reversed unless clearly wrong. Johnson v. May, 49 Neb. 601, 68 N. W. 1032.

An attachment based on an affidavit alleging non-residence of the debtor is wrongful and the proceedings are void if such allegations are untrue. German Nat. Bank v. Kautter, 55 Neb. 103, 75 N. W. 566, 70 Am. S. R. 371.

The question of residence in attachment proceedings is generally one of intention coupled with affirmative action, and is determined from the facts and circumstances in each particular case. In that connection, mere temporary absence from the state for the purpose of business, pleasure, or health is not of itself such an abandonment of a party's place of abode where service of summons may be lawfully made within the state

so as to authorize the issuance of an attachment against him on the ground of nonresidence. Johnson v. May, *supra.* See, also, 7 C. J. S., Attachment, § 32, p. 217, and 4 Am. Jur., Attachment and Garnishment, §§ 432-438, pp. 822-825, inclusive, with authorities cited therein.

In the light of the foregoing authorities, we have examined the record. There is some equivocal conflict in the evidence, but so far as important here, it discloses the following from which we conclude that the trial court's order discharging the attachment was not clearly wrong but was amply supported by the evidence. Defendants had been married 39 years and had resided in Dixon and Cedar counties, Nebraska, most of their natural lives. In 1943 defendant purchased the farm involved in Dixon county, and ever since 1947 he and his family have continuously lived on such premises, which were encumbered by a mortgage indebtedness of about $7,800 together with some interest and taxes. During such period defendant farmed that property at all times except as hereinafter noted.

During the last 10 years defendant had suffered a chronic asthmatic condition which required medical attention. In the spring of 1957 such condition failed to respond to prescribed medical treatment and became so aggravated that defendant could not physically carry on his farming operations without help. Defendant's physician then advised him that, because of his age and physical condition, he should try a temporary change of climate and see if he could improve his health which would be necessary if he were to continue farming. Defendant told his physician that he could go to California and visit his son who lived there, and defendant's physician instructed him to do so.

Thus, on or about April 1, 1957, defendants went to California where a son lived, but their daughter remained at their farm home until the last week in May 1957, when she also went to California. When defendants left, they had no intention of moving to Cali-

fornia or abandoning their residence on their farm, so they left all of their household goods, furniture, dishes, and other household equipment in their home on the farm. They took with them only some clothing and bedding and a few other small items, fully intending to return to their home as soon as they determined the effect of the change of climate on defendant's health. When defendant went to California he sold none of his property except some livestock. In other words, he left all of his property on their farm, including all of his machinery and farming equipment owned and used by him there. He also left 4 cows, 1 bull, 15 hogs, and the corn and grain owned by him on the premises. His son-in-law, who lived nearby, agreed to care for defendant's stock and property, and to plant defendant's crops and care for them until defendants returned. In doing so, the son-in-law went upon the premises once or twice daily. Further, arrangements were made with defendants' daughter and their son-in-law to take care of defendants' home, household goods, livestock, grain, and business, and defendants kept in touch with them and directed their actions with regard to defendants' property and business affairs.

During their absence, defendants did not obtain California license plates for their car, or obtain California driver's licenses. They paid personal property taxes and federal income taxes in Nebraska, and reported their residence therein as at their farm home in Nebraska. They maintained their Nebraska farm mailing address, and mail sent there was forwarded to them by their daughter and son-in-law. Defendants continued their banking business in the American State Bank of Newcastle, Nebraska, and kept a checking account there at all times.

After going to California, defendants lived with their son for about a month. Defendant had slowly improved in health but not as much as contemplated, so defendants rented a small furnished house on a month-

to-month basis, and being without sufficient funds to live, they obtained part-time employment, and did not return to their home in Nebraska until after this action was filed.

Defendant testified unequivocally as a witness for plaintiff and later as a witness for defendants that his home in Nebraska was their permanent residence and place of abode where they at all times intended to return, and that they now intended to remain in Nebraska.

In the light of the authorities heretofore cited, and the evidence heretofore set forth, we conclude that the judgment of the trial court should be and hereby is affirmed. All costs are taxed to plaintiff.

AFFIRMED.