463 P.2d 68

**TERMPLAN INCORPORATED, an Arizona corporation, Petitioner,**

v.

**The SUPERIOR COURT OF MARICOPA COUNTY, Arizona, Division 9 Thereof; and the Honorable Irwin Cantor, Judge Thereof; Wilson D. Palmer, Clerk of the Superior Court of Maricopa County, Arizona; Alfred Figueroa, a single man, Individually, Respondents.**

**No. 9769.**

Supreme Court of Arizona.

In Banc.

Dec. 29, 1969.

Goodson, Richmond & Rose, by Larry J. Richmond, Phoenix for petitioner.

Moise Berger, Maricopa County Atty., Phoenix, by William Carter, Deputy County Atty., Phoenix, for Wilson D. Palmer, as Clerk of the Superior Court.

Frederic W. Heineman, Sp. Deputy County Atty., Phoenix, for John Mummert, as Sheriff of Maricopa County, amicus curiae.

Anthony B. Ching, Chief Trial Counsel, Tucson, for Legal Aid Soc. of Pima County Bar Association, amicus curiae.

LOCKWOOD, Vice Chief Justice.

Termplan, Inc., an Arizona corporation, instituted a garnishment action against Figueroa as defendant and St. Joseph's Hospital and Medical Center as garnishee. The complaint alleged that Figueroa owed $266.37 on a promissory note.

Although Termplan had executed affidavits on attachment and garnishment and provided a bond, the Clerk of the Superior Court refused to issue the writs of attachment and garnishment unless Termplan should also execute an affidavit stating that the writ of garnishment would not be levied against Figueroa's wages. Termplan refused to do this and sought a writ of mandamus from the Superior Court to compel the Clerk to issue the writ of garnishment.

After issuing the alternative writ of mandamus, the Superior Court then entered an order stating inter alia that the Clerk should not issue writs of garnishment unless it was first shown that there had been a hearing on the merits of the claim against the alleged debtor. We granted Termplan's petition for certiorari.

The determination of this matter hinges on the scope of the recent Supreme Court decision of Sniadach v. Family Finance Corporation of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and its effect on prejudgment garnishments in Arizona. In *Sniadach*, Justice Douglas held that a Wisconsin statute which provided for prejudgment garnishment of wages without notice to the defendant and without a prior hearing, violated the due process provisions of the Fourteenth Amendment. In a concurring opinion Justice Harlan noted that before a defendant could be deprived of his wages, due process required a hearing to establish the validity or probable validity of the claim on which the garnishment was based. The primary concern of the Court was that the interim freezing of wages would "* * * as a

practical matter drive a wage-earning family to the wall." Consequently, such a procedure must be subject to the due process safeguards of notice and hearing.

Termplan's main argument is that there are substantive and procedural differences between the garnishment statutes of Arizona and those of Wisconsin. The contention is made that the issuance of writs of garnishment in Arizona is circumscribed by limitations which afford a defendant protection consonant with due process. It is not necessary to embark on a detailed comparison of the breadth of the two garnishment procedures, because such an argument misses the point. The only issue is whether the Arizona statutes governing prejudgment garnishment procedure contain the due process safeguards of notice and prior hearing (or their equivalent), as required by *Sniadach*.

In regard to the requirement that the defendant be notified of the garnishment, A.R.S. § 12–1575 provides:

"In cases of garnishment, the clerk of a court or a justice of the peace shall not make public the fact of filing the complaint or the issuance of a writ of garnishment, nor shall a sheriff or deputy disclose that the writ of garnishment is in his possession until service thereof."

Not only is a defendant not given notice of garnishment in this state, it is provided by statute that he shall *not* be notified. Furthermore, our statutes do not contain any provision for a hearing prior to garnishment, to establish the probable validity of the underlying claim. Therefore, we hold that the procedure for garnishment of wages in this state does not measure up to the standards set forth in *Sniadach*, and that prior to the issuance of a prejudgment writ of garnishment of wages there must

be some provision for notice to the defendant and a hearing on the validity of the plaintiff's claim.

Section 23 of Article 6, Arizona Constitution, A.R.S., provides that the Clerk of the Superior Court " * * * shall have such powers and perform such duties as may be provided by law or by rule of the Supreme Court or superior court." Therefore he was within his authority in requiring that some showing be made in applications for writs of garnishment that the writs were not to be levied on wages of an alleged debtor, prior to a determination of the alleged claim on its merits. Likewise, the Superior Court, acting through the trial judge, properly recognized the effect of *Sniadach*, so far as garnishment of wages is concerned, and the rule prohibiting issuance of such writs affecting wages was correct.

We emphasize, however, that our holding is limited to the prejudgment garnishment *of wages* (as was the opinion of *Sniadach*). In this regard, Termplan maintains that the Court below went beyond the scope of the *Sniadach* opinion when it ruled that the procedure therein must be followed in attachments and garnishment of property other than wages. We agree, and hold that that portion of the order in question must be vacated.

Finally, Termplan contends that the adoption of the *Sniadach* rule will destroy in Arizona all in rem jurisdiction based on the garnishment of an Arizona debtor. We need not pass on this matter since this situation is not before us in the present case.

The order of the lower court is affirmed as modified.

UDALL, C. J., and STRUCKMEYER, McFARLAND, and HAYS, JJ., concur.