466 P.2d 790

**ANDREW BROWN COMPANY, a California corporation, Appellant,**

v.

**PAINTERS WAREHOUSE, INC.; Donald H. MacAfee and Marian B. MacAfee, his wife, and each of them, Appellees.**

No. 1 CA–CIV 885.

Court of Appeals of Arizona,
Division 1,
Department B.

March 18, 1970.

Miller & Haggerty, by Philip M. Haggerty, and Kaplan, Wilks & Abrams, Phoenix, for appellant.

Conrad J. Kleinman, Kleinman, Carroll & Kleinman, Phoenix, for appellees.

HAIRE, Judge.

The question presented by this case is whether under Arizona law the truth of a garnisher's allegations in his affidavit of garnishment filed pursuant to A.R.S. Secs. 12–1571 and 12–1573 may be determined by the court, prior to trial of the principal action, upon a defendant's filing motions to quash the writs of garnishment issued upon those affidavits. The trial court granted the motion to quash the writs of garnishment upon determining before trial that the plaintiff's allegations in his affidavits of garnishment were false. After quashing the writs, the trial court granted a stay thereof pending the plaintiff's filing a supersedeas bond for appeal purposes. Plaintiff has filed that bond and the trial court's order quashing the writs has, in effect, been suspended pending this appeal by plaintiff.

The facts of this case are as follows. Andrew Brown Co. (plaintiff-appellant) sued Painters Warehouse and others (defendants-appellees) on a $6,000.00 promissory note and in connection therewith, sought garnishment of two debtors of Painters Warehouse. Plaintiff's garnishment affidavits stated insofar as pertinent here, that these garnishees, Valley National Bank and National Retailers Corp. of Arizona, were indebted to Painters Warehouse, and that to plaintiff's knowledge defendants had insufficient property in their possession within the state and subject to execution to satisfy the debt sued upon. Upon these affidavits writs of garnishment were issued. Valley National Bank answered the writ stating that it was indebted to defendants for $129.00. National Retailers Corp. also answered and admitted an indebtedness to defendants of $9,973.88.

Defendants, who had in the interim filed an answer and counterclaim in the principal action, subsequently filed a motion to

quash the writs of garnishment. The basis for defendants' motion was in essence that plaintiff had falsely stated in its affidavits that, *inter alia,* plaintiff had no knowledge of sufficient property in defendants' possession subject to execution out of which to satisfy the debt sued upon. The motion also affirmatively stated that defendants had more than enough reachable assets to satisfy any debt owed to plaintiff.

One affidavit accompanied defendants' motion and two more were filed subsequently with defendants' memorandum in support of that motion. In addition defendants also filed a fourth affidavit after plaintiff replied to their motion. The first affidavit included allegations found in the motion as well as a statement that before plaintiff instituted the garnishment proceedings, " * * * Defendants * * * had disclosed and advised the Plaintiff of * * * property and assets of the Defendants, and the nature thereof * * * " which allegedly had a value in excess of $100,000.00. The other supporting affidavits consisted of a statement by an accountant of the appraised value of Painters Warehouse assets and a statement by an appraiser that certain realty owned by one defendant was of a value not less than $50,000.00.

Plaintiff replied to defendants' motion to quash the writs of garnishment and moved for denial thereof. Attached to plaintiff's reply was an affidavit by plaitniff's vicepresident which asserted that the plaintiff corporation "was not informed and had no knowledge" of property of defendants which was sufficient to satisfy the debt sued upon.

On March 4, 1968, the parties argued the defendants' motion to quash the writs of garnishment and the matter was taken under advisement. The trial court, after considering additional memoranda filed by the parties, granted the motion to quash the writs and ordered that the garnishment proceedings be dismissed. From the formal written order quashing the writ against National Retailers Corp. of Arizo-

na and dismissing that proceeding, plaintiff brought its appeal.

■ We note at the outset that garnishment was unknown to the common law; it has come into being as a statutory remedy. State v. Allred, 102 Ariz. 102, 425 P.2d 572 (1967); 3 J. G. Sutherland, Statutes and Statutory Construction Sec. 7005 (3d ed. 1943); 38 C.J.S. Garnishment § 1 (1943). Since garnishment is a creature of statute, garnishment proceedings are necessarily governed by the terms of those statutes. Davis v. Chilson, 48 Ariz. 366, 62 P.2d 127 (1936); Moody v. Lloyd's of London, 61 Ariz. 534, 152 P.2d 951 (1944); State v. Allred, *supra.* Thus, courts may not allow garnishment proceedings to follow any course other than that charted by the legislature. *See* Undercofler v. Brosnan, 113 Ga.App. 475, 148 S.E.2d 470 (1966); Siegel, Cooper & Co. v. Schueck, 167 Ill. 522, 47 N.E. 855 (1897); 38 C.J.S. Garnishment § 3 b (1943).

We also note that while this case involves a pre-judgment garnishment proceeding, the funds in possession of the garnishees are not wages. Thus, the constitutional questions raised in Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) are not involved. Termplan Inc. v. Superior Court, 105 Ariz. 270, 463 P.2d 68 (1969).

Nowhere in the statutory scheme promulgated by our legislature to govern garnishment proceedings (A.R.S. Sec. 12–1571 *et seq.*) is there an express provision allowing a defendant to in any manner traverse or controvert the statements made by a garnisher in the affidavit required by A. R.S. Sections 12–1571 and 12–1573.

Further, it does not appear that there is any statute from which can be inferred the defendants' right to controvert the plaintiff's garnishment affidavit. There are, in fact, contrary implications to be found in the statutory scheme. A.R.S. Sections 12–1571 and 12–1574 indicate that merely upon the plaintiff's making and filing the requisite affidavit the writ of garnishment "shall" issue. In our opinion it is clear

that the legislature intended that the writ issue upon the filing of the affidavit of garnishment rather than upon proving the truth of the allegations made therein. *Cf.* Arnold v. Knettle, 10 Ariz.App. 509, 460 P.2d 45 (1969).

Most important in this regard, however, is the simple and obvious conclusion that had the legislature intended that the defendant be allowed to controvert the affidavit filed by a plaintiff/garnisher, it could have easily manifested such an intention by so providing in the garnishment statutes, just as it did in A.R.S. Sec. 12–1523, subsec. D, which allows denial of an affidavit filed by a plaintiff in *attachment* proceedings upon a debt not due.[1]

The result we reach herein is also based upon the fact that, as will be shown, in the state from which we adopted our garnishment statutes (Texas), the truth of a garnisher's affidavit may not be controverted for the purpose of quashing the writs of garnishment. Arizona originally provided for garnishment as a type of attachment (see, e. g., Sec. 2560 of the 1877 Compiled Laws of Arizona Territory). Subsequently, however, a complete and separate statutory scheme for garnishment was enacted in Sections 72 through 100 of the 1887 Revised Statutes. These provisions are in large part (especially those portions relevant herein) an almost *verbatim* restatement of the 1879 Revised Statutes of Texas, arts. 183 *et seq.*

Under Texas law, the truth of a garnisher's affidavit may not be controverted for the purpose of abating the writ of garnishment. First National Bank v. Guinn, 57 S.W.2d 880 (Tex.Civ.App.1933); since its validity depends upon the affidavit's containing the requisite statement rather than upon the truth of that statement, Cawthon v. First State Bank, 193 S.W. 783 (Tex. Civ.App.1917); Big Spring Tractor Co. v. Scott, 249 S.W.2d 703 (Tex.Civ.App.1952); thus, the falsity of the facts alleged is no ground for quashing the writ, First National Bank v. Guinn, *supra*; Camden Fire Insurance Association v. First National Bank, 84 S.W.2d 889 (Tex.Civ.App.1935); First National Bank in George West v. Frost National Bank, 142 S.W.2d 555 (Tex.Civ.App.1940); *see also* 20–B Tex. Jur. Garnishment Sec. 53 (1956); 27 Tex. Jur.2d Garnishment Sec. 68 (1961).

We recognize that the Texas cases are not necessarily controlling but merely persuasive upon this court. Town of Williams v. Perrin, 70 Ariz. 157, 217 P.2d 918 (1950). Notwithstanding, we feel that the Texas cases reach the proper result and we therefore hold that a defendant may not, prior to trial of the principal action, controvert and have determined the truth of the allegations in the plaintiff's affidavit of garnishment. As shown later in this opinion, a defendant's remedies in such a situation lie elsewhere.

The appellees acknowledge that Arizona's garnishment statutes are taken largely from Texas, but contend that unreasonable constructions of these statutes were reached by the Texas courts or in the alternative that the Texas interpretations are not in conformity with Arizona's laws and public policy, and therefore should not be followed by Arizona courts. As an abstract proposition, this is true (*see, e. g.,* Phoenix Title & Trust Co. v. Old Domin-

---

1. In O'Malley Lumber Co. v. Martin, 45 Ariz. 349, 43 P.2d 200 (1935), the Arizona Supreme Court held that a writ of garnishment issued upon the statutory basis that an original attachment has issued (A.R.S. Sec. 12–1571, subsec. A, par. 1) may not be quashed upon a court's consideration of a motion controverting the truth of the allegations of the plaintiff's affidavit of attachment in a proceeding upon a debt already due. The court arrived at that decision by applying the principle *"expressio unius est exclu-* *sio alterius"* to a statute (the forerunner of A.R.S. Sec. 12–1523, subsec. D) expressly allowing traversal by defendant of a plaintiff's affidavit upon seeking attachment for a debt *not due.* The court reasoned that the legislature, by expressly enacting a statute allowing traversal of the plaintiff's affidavit when the debt was not yet due, intended to deny the defendant that privilege when the debt was already *due and owing. Accord,* Olsen v. Mading, 45 Ariz. 423, 45 P.2d 23 (1935).

ion Co., 31 Ariz. 324, 253 P. 435, 59 A.L.R. 625 (1927); Jeune v. Industrial Commission, 77 Ariz. 410, 274 P.2d 85 (1954)); but we do not find the Texas decisions to be unreasonable nor contrary to our laws or public policy.

Appellees assert in their brief that Texas law is against Arizona's public policy in that it would "place a premium on perjury instead of a penalty thereon. It would open the doors of our courts, and the process thereof, to abuse * * * and even deny the courts their inherent right and power to prevent the abuse of their own process". We disagree. Nothing we say here today places a premium on perjury. The legislature has defined and proscribed perjury (see A.R.S. Sec. 13–561, et seq.), and imposed severe penalties therefor. This decision does not in any way limit or circumscribe these statutory provisions.

In their brief, the appellees contend that "[t]he vast majority of * * * courts" allows a defendant to controvert in a garnishment proceeding the allegations in the garnisher's affidavit even where there is no express statutory provision therefor. However, all of the cases which appellees cite for that proposition are from states wherein the legislatures have in fact provided for such a practice in the statutory scheme relating to garnishment.[2]

■■ In light of our disposition of this matter, we believe it appropriate to indicate that the appellees are not without a remedy for any wrongful garnishment that

may have occurred herein. Our Supreme Court has allowed a claim for wrongful garnishment to be asserted as a counterclaim, see De Wulf v. Bissell, 83 Ariz. 68, 316 P.2d 492 (1957), and, usually such a claim may be asserted in an independent action. In the trial of the claim for wrongful garnishment, the falsity of the allegations in the garnisher's affidavit may be shown. Commonwealth of Mass. v. Davis, 160 S.W.2d 543 (Tex.Civ.App.1942), rev'd on other grounds, 140 Tex. 398, 168 S.W.2d 216 (1942), cert. denied, 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1943); cf. Gossett v. Jones, 123 S.W.2d 724 (Tex.Civ. App.1939); see De Wulf v. Bissell, supra. The defendant also has an interim remedy: any time prior to judgment he may replevy the garnished property upon filing a bond under A.R.S. Sec. 12–1578, subsec. B.

While the defendants' remedy herein is not as speedy and practical as some might suggest it ought to be, we can only state that we are not free to judicially alter statutes nor add thereto what might be—in our opinion—a salutary amendment.

The trial court's order quashing the writ of garnishment against National Retailers Corp. of Arizona is vacated and the cause remanded with directions to reinstate the garnishment proceedings against National Retailers Corp. of Arizona, and for further proceedings not inconsistent with this opinion.

EUBANK, P. J., and JACOBSON, J., concur.

2. Appellees' cases and the applicable statutes follow:
Scott v. Waples-Painter Co., 74 Okl. 52, 176 P. 754 (1918), Rev.Laws of Okl. Sections 4862, 5391 (1910); Schuman v. McLain, 177 Okl. 576, 61 P.2d 226 (1936), Okla.Stat. Sections 655, 910 (1931); Mundil v. Hutson, 33 N.M. 388, 268 P. 566, 59 A.L.R. 522 (1928), N.M. Code Sec. 4316 (1915); Pacific Fruit & Produce Co. v. Palmer, 54 Wyo. 430, 93 P.2d 504 (1939), Wyo.Rev.Stat. Sec. 89–3342 (1931); Smith v. Varel Mfg. Co., 378 P.2d 680 (Wyo.1963), Wyo.Stat. Sec. 1–267 (1957); Casebeer v. Todd, 62 Idaho 702, 115 P.2d 746 (1941), Idaho Code Sec. 6–534 (1932); Garvey v. Long, 154 Kan. 85, 114 P.2d 821 (1941), Kansas

Code Sec. 60–931 (1935); and First Nat'l Bank of Plains v. Green Mtn. Soil Cons. Dist., 130 Mont. 1, 293 P.2d 289 (1956), Rev.Code of Mont. Sec. 93–4329 (1947); J. R. Watkins Co. v. Sorenson, 166 Neb. 364, 88 N.W.2d 902 (1958), Neb.Rev.Stat. Sec. 25–1040 (1943). The courts in these cases did not always indicate (by express citation thereto) their reliance upon the provisions of the statutes which allowed the defendant to controvert the garnisher's allegations. Those experienced at the bench and bar are well aware of this regrettable judicial habit. At any rate, it is the existence of those statutes rather than the courts' express mention of them that is of controlling importance.